IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA.

CASE NO:

FLORIDA BAR NO: 158226

MAUREEN STEVENS, as Personal
Representative of the Estate of ROBERT
STEVENS, Deceased, and on behalf of
MAUREEN STEVENS, Individually,
NICHOLAS STEVENS, HEIDI HOGAN,
and CASEY STEVENS, Survivors,



FILED by _____ D.C.

DEC – 2 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

     Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

     Defendant.

_____/

**CIV – HURLEY**

## COMPLAINT

COMES NOW the Plaintiff, MAUREEN STEVENS, as Personal Representative

of the Estate of ROBERT STEVENS, Deceased, and on behalf of herself, individually,

and NICHOLAS STEVENS, HEIDI HOGAN, and CASEY STEVENS, Survivors, by

and through her undersigned attorneys, and hereby sues the Defendant, THE UNITED

STATES OF AMERICA, and says:

### JURISDICTIONAL ALLEGATIONS

1.     This is an action for damages pursuant to Title 28, Section 1346(b) U.S.C.

and this Court has jurisdiction thereunder.

2.      That the Plaintiff has complied with all conditions precedent to bringing this action pursuant to Title 28, Section 2675 and attaches hereto as Exhibits "A", "B", "C", and "D", the copies of the notices required thereunder.

3.      That at all times material hereto, the Plaintiff, MAUREEN STEVENS, was a resident of Palm Beach County, Florida.

4.      That MAUREEN STEVENS has been appointed as the Personal Representative of the Estate of ROBERT STEVENS, Deceased, pursuant to an Order of the Circuit Court, Fifteenth Judicial Circuit, in and for Palm Beach County, a copy of which is attached hereto and made a part hereof as Exhibit "E".

5.      That at the time of his death on October 5, 2001, ROBERT STEVENS left the following survivors who are claimants in this wrongful death action and on whose behalf claim is made herein:

A.      Maureen Stevens, his wife (age 60);

B.      Nicholas Stevens, his son (age 42);

C.      Heidi Hogan, his daughter (age 38);

D.      Casey Stevens, his daughter (age 23); and

E.      The Estate of ROBERT STEVENS.

**COUNT I**
**STRICT LIABILITY FOR ULTRA-HAZARDOUS ACTIVITY**

6.      That the Plaintiff, MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased, and on behalf of all of the survivors thereof, hereby alleges and reavers all of the jurisdictional allegations set forth in paragraphs 1 through 5 above, as though fully set forth herein.

7.      That on or before October 5, 2001, the Defendant, THE UNITED STATES OF AMERICA, owned, managed, grew, experimented with, and/or was in control of a certain strain of anthrax bacterium at its Fort Detrick, Maryland facility and other facilities.

8.      That the Defendant, THE UNITED STATES OF AMERICA, knew that the activities it carried on with the anthrax bacillus were ultra-hazardous activities in that the mere handling of microscopic quantities of this bacillus involved a potentially high degree of risk of harm and that that potential harm was likely to be great, namely, the cause of human death.

9.      That despite the above knowledge, the Defendant, THE UNITED STATES OF AMERICA, failed to adequately secure samples of this highly toxic lethal bacillus and, as early as 1992, samples of this formidable, dangerous, and highly lethal organism were known to be missing from the lab at Ft. Detrick, Maryland occupied by the United States Army Medical Research Institute for Infectious Diseases (USAMRIID), along with samples of the hanta virus and the ebola virus, pursuant to a memo which is attached hereto and made a part hereof as Exhibit "F".

10.     That on or before October 5, 2001, the Defendant, THE UNITED STATES OF AMERICA, owed a duty of care, in fact, the highest degree of care, to the Plaintiff's decedent, ROBERT STEVENS, in its manufacturing, growing, handling, transporting, utilizing, processing, analyzing, distributing, warehousing, storing, or testing of the anthrax, based upon its ultra-hazardous and inherently dangerous nature.

11.     That since the Defendant, THE UNITED STATES OF AMERICA, was engaging in the above ultra-hazardous activity, it is liable to the family of ROBERT

3

STEVENS and his Estate, for his death, even from an unpreventable miscarriage of the above activity, although the utmost care was exercised to prevent harm.

12.     That as a direct and proximate result of the Defendant,  THE UNITED STATES OF AMERICA, engaging in the ultra-hazardous activities set forth above, anthrax was obtained either from the USAMRIID lab at Ft. Detrick, Maryland or another location where the anthrax had previously been sent, and a portion of it was sent to American Media, Inc., employer of ROBERT STEVENS, where MR. STEVENS was then exposed to the anthrax and died, as a result, on October 5, 2001.

13.     That as a direct and proximate result of the ultra-hazardous activity engaged in by the Defendant, THE UNITED STATES OF AMERICA, the decedent's survivors, and the Estate of ROBERT STEVENS, have been injured and have suffered damages, to wit:

A.     The surviving wife, MAUREEN STEVENS, has lost the decedent's companionship, services, support, consortium, care, comfort, society, and affection, and has experienced and will continue to experience mental pain and suffering, both in the past from the date of decedent's injury and death, and will experience said mental pain and suffering in the future, to wit:  permanently;

B.     That the surviving children, NICHOLAS STEVENS, HEIDI HOGAN, and  CASEY STEVENS, have lost the decedent's companionship and affection and have all experienced and will continue to experience mental pain and suffering, both in the past from the date of decedent's injury and death, and will experience mental pain and suffering in the future, to wit:  permanently;

C.    That the Estate and survivors of the decedent have incurred medical and funeral expenses due to the decedent's injury and death, and the Estate has lost the net accumulations which would have accrued to it.

WHEREFORE, the Plaintiff, MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased, and on behalf of herself and the survivors thereof, hereby demands judgment for compensatory damages exceeding the sum of Fifty Million and 00/100 Dollars ($50,000,000.00) against the Defendant, THE UNITED STATES OF AMERICA, plus costs and interest.

### COUNT II
### NEGLIGENCE

14.    That the Plaintiff, MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased, and on behalf of all of the survivors thereof, hereby alleges and reavers all of the jurisdictional allegations set forth in paragraphs 1 through 5 above, as though fully set forth herein.

15.    That on or before October 5, 2001, the Defendant, THE UNITED STATES OF AMERICA, was in the business of manufacturing, handling, transporting, utilizing, processing, analyzing, distributing, warehousing, storing, testing, and experimenting with anthrax.

16.    That the substance anthrax, or "anthrax bacillus", is a known ultra-hazardous material requiring the highest degree of care in its handling, storage, use, or possession.

17.    That the Defendant, THE UNITED STATES OF AMERICA, owed a duty of care and in fact, the highest degree of care in its manufacturing, handling, transporting,

utilizing, processing, analyzing, distributing, warehousing, storing, testing, or experimenting with anthrax based upon its inherently dangerous nature.

18.     That the Plaintiff's decedent,  ROBERT STEVENS', injury and death resulted from the negligence of the Defendant, THE UNITED STATES OF AMERICA, in the following respects:

A.     That the Defendant failed to properly or securely maintain or store the anthrax in its possession;

B.     That the Defendant failed to properly inventory, warehouse, or catalog the anthrax in its possession;

C.     That the Defendant failed to properly monitor employees who had access to the anthrax;

D.     That the Defendant failed to maintain its premises in a manner precluding unauthorized individuals from having access to the anthrax;

E.     That the Defendant failed to employ proper security measures to prevent the improper use, possession, access, and/or disbursement of the anthrax;

F.     That the Defendant failed to establish appropriate procedures or protocols concerning the access of employees or independent contractors to the anthrax;

G.     That the Defendant failed to implement inventory or catalog or monitoring systems in order to account for the anthrax in its possession;

H.     That the Defendant failed to take appropriate security measures to insure the possession and access to the anthrax would be limited to those individuals with proper clearance;

6

I.      That the Defendant failed to implement adequate security measures to prevent access to the anthrax by unauthorized individuals;

J.      That the Defendant failed to act in a reasonable, prudent, and careful manner in conducting background investigations prior to hiring personnel and placing them in a position of authority and to having access to the anthrax;

K.      That the Defendant failed to maintain a hiring system that adequately involved background investigation, interviewing, checking of references, the checking of curriculum vitas, or other mechanisms to insure that job applicants were being honest and accurate and were suitable for employment in a position where they would have access to the anthrax;

L.      That the Defendant failed to make sure that its employees or independent contractors were properly supervised and trained for the task for which they were employed and negligently allowed them to work and handle the ultra-hazardous material, anthrax, without proper supervision and/or training;

M.      That the Defendant failed to take appropriate action upon actual or constructive notice of a potential problem or problems with individuals or security involving access to the anthrax at its facility or facilities and unreasonably failed to further investigate and/or otherwise take corrective actions such as discharge or reassignment.

N.      That the Defendant failed to have any adequate system in place to track the anthrax it forwarded to other laboratories, schools and companies.

19.     That as a direct and proximate and foreseeable result of the negligence of the Defendant, THE UNITED STATES OF AMERICA, anthrax was obtained and sent to

American Media, Inc., employer of ROBERT STEVENS, and MR. STEVENS was then exposed to the anthrax bacillus and died, as a result, on October 5, 2001.

20.     That as a result of his death, the family of ROBERT STEVENS have been injured and have suffered damages, to wit:

A.     The surviving wife, MAUREEN STEVENS, has lost the decedent's companionship, services, support, consortium, care, comfort, society, and affection, and has experienced and will continue to experience mental pain and suffering, both in the past from the date of decedent's injury and death, and will experience said mental pain and suffering in the future, to wit:  permanently;

B.     That the surviving children, NICHOLAS STEVENS, HEIDI HOGAN, and  CASEY STEVENS, have lost the decedent's companionship and affection and have all experienced and will continue to experience mental pain and suffering, both in the past from the date of decedent's injury and death, and will experience mental pain and suffering in the future, to wit:  permanently;

C.     That the Estate and survivors of the decedent have incurred medical and funeral expenses due to the decedent's injury and death, and the Estate has lost the net accumulations which would have accrued to it.

WHEREFORE, the Plaintiff, MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased, and on behalf of herself and the survivors thereof, hereby demands judgment for compensatory damages exceeding the

8

sum of Fifty Million and 00/100 Dollars ($50,000,000.00) against the Defendant, THE

UNITED STATES OF AMERICA, plus costs and interest.

SCHULER & HALVORSON, P.A.
Barristers Building, Suite 4-D
1615 Forum Place
West Palm Beach, FL  33401
Telephone:  (561) 689-8180
Attorneys for Plaintiff(s)


By: _____
RICHARD D. SCHULER
FLA BAR NO: 158226

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS:  Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROROVE OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>Department of the Army<br>Department of Defense | 2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.) (Number, street, city, State and Zip Co.*<br>Robert Stevens, Deceased<br>Maureen Stevens, Personal Rep.<br>c/o Richard D. Schuler, Esq.<br>1615 Forum Pl, West Palm Beach, FL 33. |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>~~ARMY~~ CIVILIAN | 4. DATE OF BIRTH<br>6/20/38 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>10/5/01 | 7. TIME *(A.M. OR P.M)*<br>4:00p.m. |
|---|---|---|---|---|

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

See Addendum

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT*(Number, street, city, State, and Zip Code)*

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side)*

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

Death by anthrax exposure

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS*(Number, street, city, State and Zip Code)* |
| See Addendum | |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(in dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| | | See Addendum | $ 20,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)*<br>*Maureen Stevens* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM<br><br>The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS<br><br>Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. *(See 18 U.S.C.A. 287.)* |
|---|---|

| 95-108<br>Previous editions not usable | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|



EXHIBIT
A

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### INSTRUCTIONS

Complete all items – Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT, THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

| to Director, Torts Branch | and to the |
| Civil Division | Office of Management and Budget |
| U.S. Department of Justice | Paperwork Reduction Project (1105-0008) |
| Washington, DC 20530 | Washington, DC 20503 |

### INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? Yes, if yes give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. No

N/A

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

Worker's Compensation Insurance

17. If deductible, state amount

N/A

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

$288.47 paid bi-weekly plus medical bills starting 10/26/01

19. Do you carry public liability and property damage insurance? Yes, if yes, give name and address of insurance carrier *(Number, street, city, State, and Zip Code)* No

N/A

SF 95 (Rev. 7-85) BACK

\* U.S. GOVERNMENT PRINTING OFFICE: 1989--241-175

8.    BASIS OF CLAIM

That Robert Stevens was killed by Anthrax Bacillus on October 5, 2001. That it has come to the attention of his family that the strain of Anthrax Bacillus that killed him was manufactured, tested, stored, utilized, inventoried, maintained and/or controlled in a United States Government laboratory or its agents, representatives, subsidiaries, or associated laboratory that was engaging in this ultra hazardous activity. Alternatively, the laboratory involved, which we believe to be located at Fort Detrick, Maryland, did not take sufficient steps to monitor, maintain, store, account for, transport, identify, and/or secure (keep track of) the Anthrax that was grown and experimented with on its premises and its lack of security allowed a portion or portions of said Anthrax to be removed from its premises. Furthermore, that the Government knew or should have known of problems with security involving Anthrax samples a significant time period prior to Mr. Stevens' death and yet either failed or refused to take action to institute sufficient security procedures or develop any security procedures at all in spite of the fact that this ultra hazardous activity involved a high degree of risk of harm to others and that it knew that the potential for said harm would be great i.e., death. The United States Government failed to take appropriate steps to inventory, catalog and monitor said Anthrax and negligently distributed said Anthrax to other facilities through unsecure channels with virtually no tracking system. That as a result, Robert Stevens was exposed to Anthrax Bacillus at American Media Inc., in Boca Raton, Florida, several weeks before October 5, 2001, and ultimately died on that date.

11.    WITNESSES

Maureen Stevens, 6734 Massachusetts Dr., Lantana, FL 33462
Nicholas J. Stevens, Post Office Box 15696, Tallahassee, FL 32317
Heidi Hogan, 300 Masters Road, Palm Springs, FL 33461
Casey Stevens, 3715 Eastover Ridge Road, #1303, Charlotte, NC 28211
Dr. Paul S. Keim, Northern Arizona University, Flagstaff, AZ 86001
Don Foster, Ph.D., Vassar College, 124 Raymond Avenue, Poughkeepsie, NY 12604
Mark Wilson, Federal Bureau of Investigation, Washington Field Office, Washington, D.C.
Scott Decker, FBI Agent, Washington Field Office, Washington, D.C.
Mr. David Pecker, President, American Media, Inc., Boca Raton, FL
Larry Bush, M.D., Infectious Disease Specialist, 5503 S. Congress Avenue, Lake Worth, FL
Dr. Jean Malecki, Director of PBCHD, 1050 15th Street West, Riviera Beach, FL 33404
Dr. Ayaad Assaad, 8019 Hollow Reed Court, Frederick, MD 21701
Dr. Barbara Hatch Rosenberg, Federation of American Scientists (FAS), NY
Richard Crosland, Ph.D., 6001 Executive Boulevard, Bethesda, MD 20892-9529
Mr. Ernesto Blanco, 14890 NE 11th Avenue, North Miami, FL 33161
Mr. Dave Altimari, Hartford Courant, 285 Broad Street, Hartford, CT 06115
Mr. Jack Dolan, Hartford Courant, 285 Broad Street, Hartford, CT 06115
Dr. Steven Hatfill, Washington, D.C.
Rosemary McDermott, 128 E. Main Street, Thurmont, MD 21788
Mr. William Patrick
Colonel Franz. USAMRID, Fort Detrick, MD
Colonel Arthur Friedlander, USAMRID, Fort Detrick, MD
Lieutenant Clint Taylor, USAMRID, Fort Detrick, MD

Kay Mereish, USAMRID, Fort Detrick, MD
Elise Bridges, USAMRID, Fort Detrick, MD
John Ezzel, USAMRID, Fort Detrick, MD
Kathy Wilhelmsen, USAMRID, Fort Detrick, MD
Colonel Charles Eitzen, USAMRID, Fort Detrick, MD
Gary Matsumoto, ABC News, New York, NY
Bradley Perkins, CDC, Atlanta, GA


**12c.   WRONGFUL DEATH**

Robert Stevens, 62, earning $76,000 per year, doing photo editing for American Media Inc., would have worked to age 70. He had a life expectancy to age 77. His economic claims, under Florida law are worth approximately $600,000. He leaves the following survivors who have a claim for mental anguish, pain and suffering, loss of parental guidance and loss of support and services under Florida law:

| | | |
|---|---|---|
| Maureen Stevens (wife) | DOB: 11/05/42 | (claim worth $20,000,000) |
| Nicholas Stevens (son) | DOB: 09/07/61 | (claim worth $10,000,000) |
| Heidi Hogan (daughter) | DOB: 12/18/64 | (claim worth $10,000,000) |
| Casey Stevens (daughter) | DOB: 05/19/80 | (claim worth $10,000,000) |

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROV OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|
| 1. Submit To Appropriate Federal Agency: Department of the Army Department of Defense | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse). (Number, street, city, State and Zip C Robert Stevens, Deceased Nicholas Stevens c/o Richard D. Schuler, Esq. 1615 Forum Pl, West Palm Beach, FL 3 | |

| 3. TYPE OF EMPLOYMENT ☒ ✗✗✗✗ CIVILIAN | 4. DATE OF BIRTH 6/20/38 | 5. MARITAL STATUS Married | 6. DATE AND DAY OF ACCIDENT 10/5/01 | 7. TIME (A.M. OR P.M) 4:00p.m. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, place of occurrence and the cause thereof) (Use additional pages if necessary.)

See Addendum

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT(Number, street, city, State, and Zip Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

Death by anthrax exposure

| 11. | WITNESSES | |
|---|---|---|
| | NAME | ADDRESS(Number, street, city, State, and Zip Code) |
| See Addendum | | |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM(in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH See Addendum | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) $10,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) Nicholas Stevens | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C 3729) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |

95-108
Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2



EXHIBIT
B

PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority*: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose*: The information requested is to be used in evaluating claims.
C. *Routine Use*: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond*: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

INSTRUCTIONS

Complete all items – Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

| to Director, Torts Branch | and to the |
|---|---|
| Civil Division | Office of Management and Budget |
| U.S. Department of Justice | Paperwork Reduction Project (1105-0008) |
| Washington, DC 20530 | Washington, DC 20503 |

INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15.  Do you carry accident insurance?      Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number.      No

N/A

| 16.  Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| Worker's Compensation Insurance | N/A |

13.  If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

$288.47 paid bi-weekly plus medical bills starting 10/26/01

19.  Do you carry public liability and property damage insurance?      Yes, if yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*)      No

N/A

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989–241-175

8.    BASIS OF CLAIM

That Robert Stevens was killed by Anthrax Bacillus on October 5, 2001. That it has come to the attention of his family that the strain of Anthrax Bacillus that killed him was manufactured, tested, stored, utilized, inventoried, maintained and/or controlled in a United States Government laboratory or its agents, representatives, subsidiaries, or associated laboratory that was engaging in this ultra hazardous activity. Alternatively, the laboratory involved, which we believe to be located at Fort Detrick, Maryland, did not take sufficient steps to monitor, maintain, store, account for, transport, identify, and/or secure (keep track of) the Anthrax that was grown and experimented with on its premises and its lack of security allowed a portion or portions of said Anthrax to be removed from its premises. Furthermore, that the Government knew or should have known of problems with security involving Anthrax samples a significant time period prior to Mr. Stevens' death and yet either failed or refused to take action to institute sufficient security procedures or develop any security procedures at all in spite of the fact that this ultra hazardous activity involved a high degree of risk of harm to others and that it knew that the potential for said harm would be great i.e., death. The United States Government failed to take appropriate steps to inventory, catalog and monitor said Anthrax and negligently distributed said Anthrax to other facilities through unsecure channels with virtually no tracking system. That as a result, Robert Stevens was exposed to Anthrax Bacillus at American Media Inc., in Boca Raton, Florida, several weeks before October 5, 2001, and ultimately died on that date.

11.    WITNESSES

Maureen Stevens, 6734 Massachusetts Dr., Lantana, FL 33462
Nicholas J. Stevens, Post Office Box 15696, Tallahassee, FL 32317
Heidi Hogan, 300 Masters Road, Palm Springs, FL 33461
Casey Stevens, 3715 Eastover Ridge Road, #1303, Charlotte, NC 28211
Dr. Paul S. Keim, Northern Arizona University, Flagstaff, AZ 86001
Don Foster, Ph.D., Vassar College, 124 Raymond Avenue, Poughkeepsie, NY 12604
Mark Wilson, Federal Bureau of Investigation, Washington Field Office, Washington, D.C.
Scott Decker, FBI Agent, Washington Field Office, Washington, D.C.
Mr. David Pecker, President, American Media, Inc., Boca Raton, FL
Larry Bush, M.D., Infectious Disease Specialist, 5503 S. Congress Avenue, Lake Worth, FL
Dr. Jean Malecki, Director of PBCHD, 1050 15th Street West, Riviera Beach, FL 33404
Dr. Ayaad Assaad, 8019 Hollow Reed Court, Frederick, MD 21701
Dr. Barbara Hatch Rosenberg, Federation of American Scientists (FAS), NY
Richard Crosland, Ph.D., 6001 Executive Boulevard, Bethesda, MD 20892-9529
Mr. Ernesto Blanco, 14890 NE 11th Avenue, North Miami, FL 33161
Mr. Dave Altimari, Hartford Courant, 285 Broad Street, Hartford, CT 06115
Mr. Jack Dolan, Hartford Courant, 285 Broad Street, Hartford, CT 06115
Dr. Steven Hatfill, Washington, D.C.
Rosemary McDermott, 128 E. Main Street, Thurmont, MD 21788
Mr. William Patrick
Colonel Franz, USAMRID, Fort Detrick, MD
Colonel Arthur Friedlander, USAMRID, Fort Detrick, MD
Lieutenant Clint Taylor, USAMRID, Fort Detrick, MD

Kay Mereish, USAMRID, Fort Detrick, MD
Elise Bridges, USAMRID, Fort Detrick, MD
John Ezzel, USAMRID, Fort Detrick, MD
Kathy Wilhelmsen, USAMRID, Fort Detrick, MD
Colonel Charles Eitzen, USAMRID, Fort Detrick, MD
Gary Matsumoto, ABC News, New York, NY
Bradley Perkins, CDC, Atlanta, GA

## 12c.   WRONGFUL DEATH

Robert Stevens, 62, earning $76,000 per year, doing photo editing for American Media Inc., would have worked to age 70. He had a life expectancy to age 77. His economic claims, under Florida law are worth approximately $600,000. He leaves the following survivors who have a claim for mental anguish, pain and suffering, loss of parental guidance and loss of support and services under Florida law:

| Name | DOB | Claim |
|------|-----|-------|
| Maureen Stevens (wife) | DOB: 11/05/42 | (claim worth $20,000,000) |
| Nicholas Stevens (son) | DOB: 09/07/61 | (claim worth $10,000,000) |
| Heidi Hogan (daughter) | DOB: 12/18/64 | (claim worth $10,000,000) |
| Casey Stevens (daughter) | DOB: 05/19/80 | (claim worth $10,000,000) |

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Department of the Army<br>Department of Defense | Robert Stevens, Deceased<br>Heidi Hogan<br>c/o Richard D. Schuler, Esq.<br>1615 Forum Pl, West Palm Beach, FL 3 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M) |
|---|---|---|---|---|
| ☒MILITARY ☐CIVILIAN | 6/20/38 | Married | 10/5/01 | 4:00p.m. |

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

See Addendum

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT*(Number, street, city, State, and Zip Code)*

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side)*

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

Death by anthrax exposure

| 11. | WITNESSES | |
|---|---|---|
| NAME | | ADDRESS*(Number, street, city, State, and Zip Code)* |
| See Addendum | | |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM*(in dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| | | See Addendum | $10,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| | | |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. *(See 18 U.S.C.A. 287.)* |

| 95-108 | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85) |
|---|---|---|
| Previous editions not usable | | PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |



EXHIBIT
C

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

**Complete all items – Insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| 15. Do you carry accident insurance? | Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number. | No |
|---|---|---|
| N/A | | |

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| Worker's Compensation Insurance | N/A |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts.*)

$253.47 paid bi-weekly plus medical bills starting 10/26/01

| 19. Do you carry public liability and property damage insurance? | Yes. If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*) | No |
|---|---|---|
| N/A | | |

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989–241-175

8.    BASIS OF CLAIM

That Robert Stevens was killed by Anthrax Bacillus on October 5, 2001. That it has come to the attention of his family that the strain of Anthrax Bacillus that killed him was manufactured, tested, stored, utilized, inventoried, maintained and/or controlled in a United States Government laboratory or its agents, representatives, subsidiaries, or associated laboratory that was engaging in this ultra hazardous activity. Alternatively, the laboratory involved, which we believe to be located at Fort Detrick, Maryland, did not take sufficient steps to monitor, maintain, store, account for, transport, identify, and/or secure (keep track of) the Anthrax that was grown and experimented with on its premises and its lack of security allowed a portion or portions of said Anthrax to be removed from its premises. Furthermore, that the Government knew or should have known of problems with security involving Anthrax samples a significant time period prior to Mr. Stevens' death and yet either failed or refused to take action to institute sufficient security procedures or develop any security procedures at all in spite of the fact that this ultra hazardous activity involved a high degree of risk of harm to others and that it knew that the potential for said harm would be great i.e., death. The United States Government failed to take appropriate steps to inventory, catalog and monitor said Anthrax and negligently distributed said Anthrax to other facilities through unsecure channels with virtually no tracking system. That as a result, Robert Stevens was exposed to Anthrax Bacillus at American Media Inc., in Boca Raton, Florida, several weeks before October 5, 2001, and ultimately died on that date.

11.    WITNESSES

Maureen Stevens, 6734 Massachusetts Dr., Lantana, FL 33462
Nicholas J. Stevens, Post Office Box 15696, Tallahassee, FL 32317
Heidi Hogan, 300 Masters Road, Palm Springs, FL 33461
Casey Stevens, 3715 Eastover Ridge Road, #1303, Charlotte, NC 28211
Dr. Paul S. Keim, Northern Arizona University, Flagstaff, AZ 86001
Don Foster, Ph.D., Vassar College, 124 Raymond Avenue, Poughkeepsie, NY 12604
Mark Wilson, Federal Bureau of Investigation, Washington Field Office, Washington, D.C.
Scott Decker, FBI Agent, Washington Field Office, Washington, D.C.
Mr. David Pecker, President, American Media, Inc., Boca Raton, FL
Larry Bush, M.D., Infectious Disease Specialist, 5503 S. Congress Avenue, Lake Worth, FL
Dr. Jean Malecki, Director of PBCHD, 1050 15th Street West, Riviera Beach, FL 33404
Dr. Ayaad Assaad, 8019 Hollow Reed Court, Frederick, MD 21701
Dr. Barbara Hatch Rosenberg, Federation of American Scientists (FAS), NY
Richard Crosland, Ph.D., 6001 Executive Boulevard, Bethesda, MD 20892-9529
Mr. Ernesto Blanco, 14890 NE 11th Avenue, North Miami, FL 33161
Mr. Dave Altimari, Hartford Courant, 285 Broad Street, Hartford, CT 06115
Mr. Jack Dolan, Hartford Courant, 285 Broad Street, Hartford, CT 06115
Dr. Steven Hatfill, Washington, D.C.
Rosemary McDermott, 128 E. Main Street, Thurmont, MD 21788
Mr. William Patrick
Colonel Franz, USAMRID, Fort Detrick, MD
Colonel Arthur Friedlander, USAMRID, Fort Detrick, MD
Lieutenant Clint Taylor, USAMRID, Fort Detrick, MD

Kay Mereish, USAMRID, Fort Detrick, MD
Elise Bridges, USAMRID, Fort Detrick, MD
John Ezzel, USAMRID, Fort Detrick, MD
Kathy Wilhelmsen, USAMRID, Fort Detrick, MD
Colonel Charles Eitzen, USAMRID, Fort Detrick, MD
Gary Matsumoto, ABC News, New York, NY
Bradley Perkins, CDC, Atlanta, GA

## 12c.    WRONGFUL DEATH

Robert Stevens, 62, earning $76,000 per year, doing photo editing for American Media Inc., would have worked to age 70. He had a life expectancy to age 77. His economic claims, under Florida law are worth approximately $600,000. He leaves the following survivors who have a claim for mental anguish, pain and suffering, loss of parental guidance and loss of support and services under Florida law:

| | | |
|---|---|---|
| Maureen Stevens (wife) | DOB: 11/05/42 | (claim worth $20,000,000) |
| Nicholas Stevens (son) | DOB: 09/07/61 | (claim worth $10,000,000) |
| Heidi Hogan (daughter) | DOB: 12/18/64 | (claim worth $10,000,000) |
| Casey Stevens (daughter) | DOB: 05/19/80 | (claim worth $10,000,000) |

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>Department of the Army<br>Department of Defense | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)<br><br>Robert Stevens, Deceased<br>Casey Stevens<br>c/o Richard D. Schuler, Esq.<br>1615 Forum Pl, West Palm Beach, FL 334 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>6/20/38 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>10/5/01 | 7. TIME (A.M. OR P.M)<br>4:00p.m |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

See Addendum

**PROPERTY DAMAGE**

9. NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT(Number, street, city, State, and Zip Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

N/A

**PERSONAL INJURY/WRONGFUL DEATH**

10. STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

Death by anthrax exposure

**WITNESSES**

| 11. NAME | ADDRESS(Number, street, city, State, and Zip Code) |
|---|---|
| See Addendum | |

**AMOUNT OF CLAIM(in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| | | See Addendum | $10,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*Casey Stevens* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM<br><br>The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS<br><br>Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |
|---|---|

95-108<br>Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2



EXHIBIT

D

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

**Complete all items – Insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| 15. Do you carry accident insurance? | Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number. | No |
|---|---|---|

N/A

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|

Worker's Compensation Insurance

N/A

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

$288.47 paid bi-weekly plus medical bills starting 10/26/01

19. Do you carry public liability and property damage insurance?   Yes, If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*)   No

N/A

SF 95 (Rev. 7-85) BACK

8.     BASIS OF CLAIM

That Robert Stevens was killed by Anthrax Bacillus on October 5, 2001. That it has come to the attention of his family that the strain of Anthrax Bacillus that killed him was manufactured, tested, stored, utilized, inventoried, maintained and/or controlled in a United States Government laboratory or its agents, representatives, subsidiaries, or associated laboratory that was engaging in this ultra hazardous activity. Alternatively, the laboratory involved, which we believe to be located at Fort Detrick, Maryland, did not take sufficient steps to monitor, maintain, store, account for, transport, identify, and/or secure (keep track of) the Anthrax that was grown and experimented with on its premises and its lack of security allowed a portion or portions of said Anthrax to be removed from its premises. Furthermore, that the Government knew or should have known of problems with security involving Anthrax samples a significant time period prior to Mr. Stevens' death and yet either failed or refused to take action to institute sufficient security procedures or develop any security procedures at all in spite of the fact that this ultra hazardous activity involved a high degree of risk of harm to others and that it knew that the potential for said harm would be great i.e., death. The United States Government failed to take appropriate steps to inventory, catalog and monitor said Anthrax and negligently distributed said Anthrax to other facilities through unsecure channels with virtually no tracking system. That as a result, Robert Stevens was exposed to Anthrax Bacillus at American Media Inc., in Boca Raton, Florida, several weeks before October 5, 2001, and ultimately died on that date.

11.    WITNESSES

Maureen Stevens, 6734 Massachusetts Dr., Lantana, FL 33462
Nicholas J. Stevens, Post Office Box 15696, Tallahassee, FL 32317
Heidi Hogan, 300 Masters Road, Palm Springs, FL 33461
Casey Stevens, 3715 Eastover Ridge Road, #1303, Charlotte, NC 28211
Dr. Paul S. Keim, Northern Arizona University, Flagstaff, AZ 86001
Don Foster, Ph.D., Vassar College, 124 Raymond Avenue, Poughkeepsie, NY 12604
Mark Wilson, Federal Bureau of Investigation, Washington Field Office, Washington, D.C.
Scott Decker, FBI Agent, Washington Field Office, Washington, D.C.
Mr. David Pecker, President, American Media, Inc., Boca Raton, FL
Larry Bush, M.D., Infectious Disease Specialist, 5503 S. Congress Avenue, Lake Worth, FL
Dr. Jean Malecki, Director of PBCHD, 1050 15th Street West, Riviera Beach, FL 33404
Dr. Ayaad Assaad, 8019 Hollow Reed Court, Frederick, MD 21701
Dr. Barbara Hatch Rosenberg, Federation of American Scientists (FAS), NY
Richard Crosland, Ph.D., 6001 Executive Boulevard, Bethesda, MD 20892-9529
Mr. Ernesto Blanco, 14890 NE 11th Avenue, North Miami, FL 33161
Mr. Dave Altimari, Hartford Courant, 285 Broad Street, Hartford, CT 06115
Mr. Jack Dolan, Hartford Courant, 285 Broad Street, Hartford, CT 06115
Dr. Steven Hatfill, Washington, D.C.
Rosemary McDermott, 128 E. Main Street, Thurmont, MD 21788
Mr. William Patrick
Colonel Franz, USAMRID, Fort Detrick, MD
Colonel Arthur Friedlander, USAMRID, Fort Detrick, MD
Lieutenant Clint Taylor, USAMRID, Fort Detrick, MD

Kay Mereish, USAMRID, Fort Detrick, MD
Elise Bridges, USAMRID, Fort Detrick, MD
John Ezzel, USAMRID, Fort Detrick, MD
Kathy Wilhelmsen, USAMRID, Fort Detrick, MD
Colonel Charles Eitzen, USAMRID, Fort Detrick, MD
Gary Matsumoto, ABC News, New York, NY
Bradley Perkins, CDC, Atlanta, GA

## 12c.   WRONGFUL DEATH

Robert Stevens, 62, earning $76,000 per year, doing photo editing for American Media Inc., would have worked to age 70. He had a life expectancy to age 77. His economic claims, under Florida law are worth approximately $600,000. He leaves the following survivors who have a claim for mental anguish, pain and suffering, loss of parental guidance and loss of support and services under Florida law:

| | | |
|---|---|---|
| Maureen Stevens (wife) | DOB:  11/05/42 | (claim worth $20,000,000) |
| Nicholas Stevens (son) | DOB:  09/07/61 | (claim worth $10,000,000) |
| Heidi Hogan (daughter) | DOB:  12/18/64 | (claim worth $10,000,000) |
| Casey Stevens (daughter) | DOB:  05/19/80 | (claim worth $10,000,000) |

IN THE CIRCUIT COURT FOR
PALM BEACH COUNTY, FLORIDA

PROBATE/GUARDIANSHIP DIVISION

File No.: CP 02-4720

Division

IN RE:     ESTATE OF

ROBERT L. STEVENS,

      Deceased.

## ORDER ADMITTING WILL TO PROBATE
## AND APPOINTING PERSONAL REPRESENTATIVE

The instrument presented to this Court as the last will of Robert L. Stevens, deceased, having been established by the oath of Dennis Garrity a subscribing and attesting witness, as being the last will of the decedent, and no objection having been made to its probate, and the Court finding that the decedent died on October 5, 2001, it is

ADJUDGED that the will bearing date October 11, 1991, and attested by Dennis Garrity and Thomas Wilbur as subscribing and attesting witnesses, is admitted to probate according to law as and for the last will of the decedent, and it is further



EXHIBIT

E

ADJUDGED that MAUREEN STEVENS is appointed personal representative of the estate of the decedent, and that upon taking the prescribed oath, filing designation of resident agent and acceptance, and entering into bond in the sum of $ NONE, letters of administration shall be issued.

ORDERED this _____ day of _____, 2002.

SIGNED & DATED

OCT 3 0 2002

_____
Circuit Judge

JUDGE MARY E. LUPO
CIRCUIT JUDGE

Copies Furnished:

Richard D. Schuler, Esq.
Schuler & Halvorson, PA
Suite 4-D, Barristers Building
1615 Forum Place
West Palm Beach, Florida 33401

(2)  — *Witness*
*notes*

— *window of*
*nobody key*
*taken out va*
*Nicholle*

To: LTC Michael Langford
From: Charles R. Brown II
Subject: Missing Anthrax Blocks, etc.
Date: 6 Feb. 1992

1.  LTC Langford and I met directly after the Experimental Path. Branch staff meeting to discuss the following:

A.  EM accession number 910262, Anthrax spores, is not present in the laboratory files/archives.  These blocks are of extreme importance to ongoing research with Dr. John Ezzell, Bacteriology.  Additional specimen ID numbers were recently assigned to the original EM accession number on 3 Feb. 1992.  The original, as well as, the recent EM blocks were reported missing from the lab on 6 Feb 1992.

B.  Antisera, which had been stored in the EM laboratory freezer, labeled "SIV, gp32, p28, p16, and p8', is not in the original freezer, nor was it found in any location in the lab.  This antisera is extremely valuable and is the only one of its kind in existence.  This antisera cannot be replaced or purchased.  The antisera was generated and donated to our lab by Dr. Raoul Benveniste, NCI- FCRF, for immunoelectron microscopy and immunohistochemistry technique development.  This antisera was reported missing from the EM lab on 6 Feb 1992.  The antisera was last seen by myself and Ms. Cheryl Ledford on approximately the 24th of January 1992.

C.  Upon conducting an inventory of all EM specimens for the 1991 calender year, the following __EM blocks__ were reported missing from the archival file system within the Experimental Pathology Branch:

| EM #91- | Specimen | Investigator |
|---|---|---|
| 0001 | NA | Dreier |
| 0002-7 | SIV | Brown/Hirsch |
| 0008 | E-6 pellet | White |
| 0009-19 | Hantan | Xiao |
| 0035 | Monkey, Ebola | Geisbert |
| 0075-78 | Liver | " |
| 0100-8 | GP#1-4 | " |
| 0113 | SIV | Brown/Hirsch |
| 0129 | Vero cells | Dreier |



EXHIBIT
F

| 0133 | Various Samples | Geisbert |
| 0141 | Rhesus#Pay-50 | " |
| 0142-6 | Rat Macrophage | Dreier |
| 0201 | Pbj/E11S | Brown |
| 0224 | Mouse Brain,JEV | Downs |
| 0225 | " | |
| 0226-9 | SF-9/Baculo | Hasty/White |
| 0230 | Unknown Dx | Geisbert |
| 0249 | Ghosts | Kell |
| 0252 | " | " |
| 0255 | Anthrax | Brown/Ezell |
| 0257 | Unknown | Geisbert |
| 0261 | Ghosts | Kell |
| 0262 | Anthrax | Brown/Ezzell |
| 0274 | RBC | Kell |
| 0282 | " | " |
| 0287-9 | SF-9 | Dreier |
| 0291 | Cells/Filovirus | Geisbert |

C.  I request an investigation into the 'loss' of the specific items detailed in 1A, 1B, and 1C due to their immediate and future value to the Pathology Division and USAMRIID.

Charles R. Brown II
Biologist
Experimental Pathology Branch

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS** MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased, and on behalf of MAUREEN STEVENS, Individually, NICHOLAS STEVENS, HEIDI HOGAN & CASEY STEVENS,

**DEFENDANTS** THE UNITED STATES OF AMERICA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF PALM BEACH COUNTY
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

03CV81110  Hurley / Hopkins

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
SCHULER & HALVORSON, P.A. (561) 689-8180
1615 Forum Pl., West Palm Beach, FL 33401

ATTORNEYS (IF KNOWN) Christina Hurway, Esq., U.S. Dept.of Justice; U.S. Attorney General; U.S.Attorney's Office, West Palm Beach, FL

CIV.HURLEY

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:  DADE,  MONROE,  BROWARD,  PALM BEACH,  MARTIN,  ST. LUCIE,  INDIAN RIVER,  OKEECHOBEE,  HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff
☒ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS — Third Party 26 USC 7609 | A☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This case asserts a claim against the government for wrongful death as a result of its engaging in ultra-hazardous activities reading Anthrax.

Title 28 Section 1346(b) U.S.C.
Title 28 Section 2675

LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $** $50,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES  ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE December 2, 2003

SIGNATURE OF ATTORNEY OF RECORD  R.D.Sc

FOR OFFICE USE ONLY

RECEIPT # 19509   AMOUNT $150   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___