IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 03-81110-CIV-HURLEY/HOPKINS

*Consolidated Case No. 04-80253*

MAUREEN STEVENS, as Personal
Representative of the Estate of
ROBERT STEVENS, Deceased, and
on behalf of MAUREEN STEVENS,
Individually, NICHOLAS STEVENS,
HEIDI HOGAN and CASEY STEVENS,
Survivors,
    Plaintiffs,

vs

UNITED STATES OF AMERICA,
    Defendant.
_____/

MAUREEN STEVENS, Individually and as Personal
Representative of the ESTATE OF ROBERT
STEVENS,
    Plaintiff,

v.

BATTELLE MEMORIAL INSTITUTE and
BIOPORT CORPORATION,
    Defendants.
_____/ ~~Case No.: 04-80253~~



## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1

Plaintiff, MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased, and on behalf of MAUREEN STEVENS, Individually, NICHOLAS STEVENS, HEIDI HOGAN, and CASEY STEVENS, Survivors, by and through her undersigned counsel, hereby files this Memorandum of Law in Opposition to the Motion to Dismiss filed by Defendant United States of America.

## Introduction

Initially, it should be noted that Defendant's Motion to Dismiss contains inappropriate material, including two exhibits consisting of publications addressing Anthrax, which are not properly considered on a motion to dismiss. It is well-settled that consideration of a motion to dismiss is limited to the four corners of the complaint, and that it is inappropriate to consider factual material in resolving such a motion, Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Therefore, this Court's consideration should be limited to the allegations in Plaintiff's Complaint, which must be taken as true for purposes of this motion (Ibid).

## Count I

Plaintiff agrees that the United States of America cannot be liable under a theory of strict liability and, therefore, dismissal of Count I would be appropriate.

2

**Count II**

Defendant contends that Count II should be dismissed, because it did not owe any duty under Florida law to Plaintiff's decedent. However, Defendant's analysis of the duty issue is flawed as it fails to mention the principles of law governing that determination. A proper consideration of the controlling case law compels the conclusion that the Complaint sufficiently alleges a duty on the part of the Defendant under Florida law and, therefore, dismissal would be erroneous.

Defendant's memorandum never properly characterizes the analysis for determining the existence of a duty to exercise care, as clearly developed in Florida case law. In Kaisner v. Kolb, 543 So.2d 732, 735 (Fla. 1989), the Court stated:

> Where a defendant's conduct creates a foreseeable zone of risk, the law generally will recognize a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses.

See also, Stephens v. Jefferson, 436 So.2d 33, 35 (Fla. 1983).

Subsequent to the Kaisner case, the Florida Supreme Court addressed the issue of duty again in McCain v. Florida Power Corp., 593 So.2d 500 (Fla. 1992), where the Court stated that the duty element of negligence focuses on whether the defendant's

3

conduct foreseeability created a "zone of risk" that posed a general threat of harm to others, 593 So.2d at 502. The court stated (593 So.2d at 503):

> Florida, like other jurisdictions, recognizes that a legal duty will arise whenever a human endeavor creates a generalized and foreseeable risk of harming others.

In McCain, the Florida Supreme Court also reiterated the long-standing principle of negligence law that (593 So.2d at 503):

> As the risk grows greater, so does the duty, because the risk should be perceived defines the duty that must be undertaken.[1]

Plaintiff's Complaint alleges that Defendant's conduct in creating and maintaining the certain strain of Anthrax bacterium which killed Robert Stevens foreseeably created a zone of risk. The Complaint alleges (¶¶7-9):

> 7.   That on or before October 5, 2001, the Defendant, THE UNITED STATES OF AMERICA, owned, managed, grew, experimented with, and/or was in control of a certain strain of anthrax bacterium at its Fort Detrick, Maryland facility and other facilities.
>
> 8.   That the Defendant, THE UNITED STATES OF AMERICA, knew that the activities it carried on with the anthrax bacillus were ultra-hazardous activities in that the mere handling of microscopic quantities of this bacillus

---

[1]/That principle is, of course, the same one expressed in the famous case of Palsgraf v. Long Island Railway Co., 162 N.E. 99, 100 (N.Y. 1928); albeit it had previously been expressed in Florida jurisprudence, see J.G. Christopher Co. v. Russell, 58 So. 45 (Fla. 1912).

4

>involved a potentially high degree of risk of harm and that that potential harm was likely to be great, namely, the cause of human death.
>
>9.   That despite the above knowledge, the Defendant, THE UNITED STATES OF AMERICA, failed to adequately secure samples of this highly toxic lethal bacillus and, as early as 1992, samples of this formidable, dangerous, and highly lethal organism were known to be missing from the lab at Ft. Detrick, Maryland occupied by the United States Army Medical Research Institute for Infectious Diseases (USAMRIID), along with samples of the hanta virus and the ebola virus, pursuant to a memo which is attached hereto and made a part hereof as Exhibit "F".

Based on those allegations, Plaintiff claims that the Government owed a duty of care, in fact, the highest degree of care, in the manufacturing, handling, transporting, utilizing, processing, analyzing, distributing, warehousing, storing, testing or experimenting with anthrax (Complaint ¶17). Clearly, the risk to be perceived from engaging in such conduct defines a high degree of care, i.e., duty, which is sufficient to withstand Defendant's Motion to Dismiss.

Defendant premises its entire argument on its contention that it cannot be responsible for the conduct of third parties, i.e., the person or persons who allegedly participated in conveying the anthrax within close proximity to Plaintiff's decedent. However, that is not the basis for the duty alleged in the Complaint and, thus, all the case law relied upon by the Defendant is simply inapposite. Moreover, Defendant's

arguments regarding third parties is inappropriate, because the Complaint does not allege any involvement of third parties. As noted previously, consideration of a motion to dismiss is limited to the allegations of the complaint, Hill v. White, supra. The Florida Supreme Court also stated in McCain, 593 So.2d at 503:

> The statute books and case law, in other words, are not required to catalog and expressly proscribe every conceivable risk in order for it to give rise to a duty of care. Rather, each defendant who creates a risk is required to exercise prudent foresight whenever others may be injured as a result.
>
> \* \* \*
>
> As a corollary, the trial and appellate courts cannot find a lack of duty if a foreseeable zone of risk more likely than not was created by the defendant.

Clearly, the allegations of the Complaint satisfy that standard and, thereby, compel denial of the Motion to Dismiss.

Plaintiff is aware that, under the Federal Tort Claims Act, the waiver of sovereign immunity applies only "under circumstances with the United States, if a private person, would be held liable under state law," see 28 U.S.C. §1346(b)(1). However, the general principles discussed above have been held to apply to private persons under situations that are similar to those alleged in the Complaint. That is, where a private defendant has either created poisonous chemicals, or has them in its

custody, it has been held to have a duty to exercise reasonable care to prevent the public from being exposed to them.

For example, in <u>Hines v. Reichhold Chemicals, Inc.</u>, 383 So.2d 948 (Fla. 1st DCA 1980), the plaintiff alleged that the defendant chemical company had negligently discharged poisonous chemicals into the atmosphere which had caused him to suffer personal injuries. The trial court dismissed the complaint for failing to allege a cause of action, concluding that it failed to allege any specific duty owed by the chemical company to the plaintiff. The First District reversed that ruling, stating, <u>inter alia</u>, 383 So.2d at 950:

> We conclude that the complaint sufficiently alleges a cause of action for negligent or intentional injury to appellant. Appellee based its motion to dismiss primarily upon its contention that the complaint fails to allege ultimate facts showing the existence of a duty owed by appellee to appellant. We do not agree with appellee's contention that the complaint alleges only a duty to the general public. On the contrary, we think the allegations are sufficient to show the existence of a duty owed by appellee-Reichhold to the appellant.

The Court also quoted from <u>Texas Co. v. Brown</u>, 82 S.W.2d 1101, 1105 (Tex.Civ.App. 1935), for the proposition that it is not essential that the party charged with negligence should have anticipated the particular injury inflicted, nor the particular manner in which it occurred; it was simply a question of whether it should have reasonably

foreseen that some similar injury would probably result from the failure to exercise due care.

Similarly, in <u>Louisville National Railroad Co. v. Hickman</u>, 445 So.2d 1023 (Fla. 1st DCA 1983), the First District upheld a compensatory and punitive damage award against a railroad in a circumstance in which the plaintiff was injured by hazardous chemical spilled when one of its trains derailed. In that case, the plaintiff was simply a bystander by a river near the train tracks, when he suffered injuries as the result of inhalation of the poisonous gasses released in the derailment. The evidence demonstrated that the train had been operating at an excessive speed, that it had a greater than recommended tonnage, and that the train was improperly handled. Clearly in that situation, the fact that the plaintiff and the defendant were total strangers prior to the chemical exposure did not mean that the defendant owed no duty to the plaintiff to exercise reasonable care. The same result should obtain here.

The Government argues that it is entitled to dismissal of the Complaint, because it had no duty to control the conduct of third parties, referring to those who facilitated the Plaintiff's exposure to the anthrax. However, Plaintiff's Complaint is not predicated on that duty, but rather on the duty of the Government to exercise reasonable care in ensuring the anthrax be properly secured and controlled. That duty obviously becomes more onerous in light of the extreme danger created by the

potential exposure to anthrax. Plaintiff's position is that if the Defendant had exercised reasonable care commensurate with the zone of risk it created, no third party would have been able to expose anyone to the anthrax.

If Defendant wishes to claim that the conduct of third parties was sufficiently unforeseeable so as to insulate it from liability, it must do so in the context of proximate cause, not duty. In that context, it can argue that the third party's conduct was so unforeseeable as to break the chain of causation and constitute an intervening cause sufficient to insulate Defendant from liability to the Plaintiff for the consequences of its negligence, see Gibson v. Avis Rent-A-Car Systems, Inc., 386 So.2d 520 (Fla. 1980). However, questions of proximate cause are classically questions of fact, Allen v. Babrab, Inc., 438 So.2d 356 (Fla. 1983).

Moreover, it is not necessary that a tortfeasor needs to be able to foresee the exact "concatenation of events" which has caused damage to another, in order to be liable therefor, see K-Mart Enterprises of Florida, Inc. v. Keller, 439 So.2d 283, 286 (Fla. 3d DCA 1983). All that is required is that general "type of result" which has occurred fall within the scope of the danger or risk created by the negligent act in question, Ibid, citing Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520, 522 (Fla. 1980). At this point there has been no factual development regarding the circumstances by which Plaintiff's decedent was exposed to the anthrax, nor the extent

of the Government's pre-incident knowledge of those possible circumstances. Thus, it would be premature to engage in a case-dispositive analysis premised on Defendant's arguments. The fact that the Government has refused to provide Maureen Stevens any information regarding the death of her husband, or to provide any discovery in this lawsuit, makes it manifestly unfair for it to seek dismissal on this basis.

Additionally, a tortfeasor can be liable under Florida law for the criminal conduct of non-related third parties in a variety of contexts, see Coker v. Wal-Mart Stores, Inc., 642 So.2d 774 (Fla. 1st DCA 1994) (criminal act of murder by third parties not so unforeseeable as to warrant dismissal of wrongful death action against defendant that had unlawfully sold ammunition to shooters); Merrill Crossings Assoc. v. McDonald, 705 So.2d 560 (Fla. 1997) (defendant landowner held liable for damages caused by criminal third party under theory of negligent security); Slawson v. Fast Food Enter., 671 So.2d 255 (Fla. 4th DCA 1996), rev. dismissed, 679 So.2d 773 (Fla. 1996) (same); Migliore v. Crown Liquors of Broward, Inc., 448 So.2d 978 (Fla. 1984) (defendant who sold alcoholic beverages to minor can be liable for injuries suffered as the result of minor's criminal conduct in driving while intoxicated).

Therefore, any determination in this case based on the conduct of third parties would be premature at this time. The Complaint alleges facts demonstrating that Defendant's conduct created a zone of risk that posed a general threat of harm to

others, and that private persons would be liable under similar circumstances. Therefore, Plaintiff has alleged sufficient facts to impose a duty on the Government under Florida law, and the Motion to Dismiss should be denied.

I HEREBY CERTIFY that a true copy of the foregoing was furnished to CHRISTINA M. FALK, ESQ., PETER D. KEISLER, ESQ., JEFFREY S. BUCHOLTZ, ESQ., J. PATRICK GLYNN, ESQ., DAVID S. FISHYBACK, ESQ., LELAND VAN KOTEN, ESQ., QUYNH BAIN, ESQ., KARA K. MILLER, ESQ., and JASON S. PATIL, ESQ., P.O. Box 340, Benjamin Franklin Station, Washington, D.C. 20044, by mail, on August 23, 2004.

                                            Richard D. Schuler, Esq.
                                            SCHULER & HALVORSON, P.A.
                                            Suite 4D/Barristers Bldg.
                                            1615 Forum Place
                                            West Palm Beach, FL  33401
                                            (561) 689-8180
                                            Attorneys for Plaintiff

                                By: _____
                                    RICHARD D. SCHULER
                                    Florida Bar No. 158226