UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NUMBER: 9:03-cv-81110-CIV-HURLEY/HOPKINS

MAUREEN STEVENS, as Personal
Representative of the Estate of
ROBERT STEVENS, Deceased, and
on behalf of MAUREEN STEVENS,
Individually, NICHOLAS STEVENS,
HEIDI HOGAN and CASEY STEVENS,
Survivors,

      Plaintiffs,

vs

UNITED STATES OF AMERICA,
      Defendant.
_____/

### STIPULATED QUALIFIED PROTECTIVE ORDER #5
*(DE #97)*

WHEREAS, the parties have stipulated that certain discovery material be treated as confidential; *and have jointly requested entry of a qualified protective order DE #97,* Accordingly, it is this _19th_ day of ___may___, 2010, by the United States District Court for the Southern District of Florida, ORDERED: *which is now Granted.*

1. <u>Designation of Discovery Materials as Confidential</u>. All documents in the possession and control of Dr. Allan Levy and/or Comprehensive Counseling Associates, or any agent, servant or employee of said entities, in any way referring or relating to treatment of Dr. Bruce Ivins; and all discovery requests, including Subpoenas, and responses to discovery requests in any way referring to the above-referenced documents, are stipulated to be confidential, for purposes of this Order, and are referred to below as "Confidential Documents".

The Confidential Documents, and information contained therein, shall not be used or disclosed by the parties or counsel for the parties or any persons identified below for any purposes whatsoever other than preparing for and conducting the litigation in this action, including appeals.

The parties and counsel for the parties shall not disclose or permit the disclosure of the Confidential Documents, and information contained therein to any other person or entity, except in the following circumstances:

(a) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(b) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order by signing a copy of the attached acknowledgment form.

(d) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(e) Except as provided in subparagraph (d) above, counsel for the parties shall keep all Confidential Documents secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(f) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of the Confidential Documents, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2. <u>Confidential Information Filed with Court</u>. To the extent that any Confidential Documents subject to this Order, or any pleading, motion or memorandum referring to them, are

proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal, by the filing with the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED 5/19/10                    ".

3. <u>Return or Destruction of Confidential Documents at Conclusion of Litigation</u>. At the conclusion of this litigation, all Confidential Documents under this Order not received in evidence shall be returned to counsel for Dr. Allan Levy and Comprehensive Counseling Associates. If the parties so stipulate, the Confidential Documents may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of this litigation, including any appeals.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida this _19th_ day of _May_, 2010.

_____
Honorable Daniel T.K. Hurley
United States District Court Judge

Copies furnished counsel of record list on attached service list

3

SERVICE LIST Counsel of Record:

### PLAINTIFF - STEVENS

Jason D. Weisser, Esquire
Schuler, Halvorson & Weisser
1615 Forum Place, Suite 4-D
West Palm Beach, FL 33401
Telephone:   561-689-8180
Facsimile:    561-684-9683
jweisser@shw-law.com

Richard D. Schuler, Esquire
Schuler, Halvorson & Weisser
1615 Forum Place, Suite 4-D
West Palm Beach, FL 33401
Telephone:   561-689-8180
Facsimile:    561-684-9683
rschuler@shw-law.com

### DEFENDANT – USA

Christina M. Falk, Esquire
United States Department of Justice
Civil Division Torts Branch
P.O. Box 340 Ben Franklin Station
Washington, DC 20044
Telephone:   202-616-4216
Facsimile:    202-616-4473
Christina.falk@usdoj.gov

J. Patrick Glynn, Esquire
United States Department of Justice
Civil Division Torts Branch
P.O. Box 340 Ben Franklin Station
Washington, DC 20044
Telephone:   202-616-4200
Facsimile:    202-616-4473
j.patrick.glynn@usdoj.gov

Jason S. Patil
United States Department of Justice
Civil Division Torts Branch
P.O. Box 340 Ben Franklin Station
Washington, DC 20044
Telephone:   202-616-3852
Facsimile:    202-616-4473
Jason.patil2@usdoj.gov

Leon B. Taranto, Esquire
United States Department of Justice
Civil Division Torts Branch
P.O. Box 340 Ben Franklin Station
Washington, DC 20044
Telephone:   202-616-4231
Facsimile:    202-616-4473
Leon.B.Taranto@usdoj.gov

Kirsten L. Wilkerson, Esquire
United States Department of Justice
1331 Pennsylvania Avenue, NW
Room 80145, National Place Building
Washington, DC 20004
Telephone:   202-353-7750
Facsimile:    202-616-4473
kirsten.wilkerson@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NUMBER: 9:03-cv-81110-CIV-HURLEY/HOPKINS

MAUREEN STEVENS, as Personal
Representative of the Estate of
ROBERT STEVENS, Deceased, and
on behalf of MAUREEN STEVENS,
Individually, NICHOLAS STEVENS,
HEIDI HOGAN and CASEY STEVENS,
Survivors,

    Plaintiffs,

vs

UNITED STATES OF AMERICA,
    Defendant.
_____/

## ACKNOWLEDGMENT OF STIPULATED QUALIFIED PROTECTIVE ORDER

I, _____, hereby acknowledge that I have been provided with and have read and understand the Stipulated Qualified Protective Order entered in this action. I hereby agree to be bound by the terms of the Protective Order. I further hereby consent to the personal jurisdiction of the United States District Court, Southern District of Florida, in the above-captioned case for the purpose of enforcing the terms of said Stipulated Qualified Protective Order.

_____
Signature

_____
Printed Name

Dated: _____