UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NUMBER: 03-81110-CIV-HURLEY/HOPKINS

MAUREEN STEVENS, as Personal
Representative of the Estate of ROBERT
STEVENS, Deceased, and on behalf of
MAUREEN STEVENS, Individually,
NICHOLAS STEVENS, HEIDI HOGAN
and CASEY STEVENS, Survivors,

    Plaintiffs,

vs

UNITED STATES OF AMERICA,

    Defendant.
_____/

**NOTICE OF ERRATA
CORRECTING [DE# 153, 154-1, 155, 155-1]**

    Defendant United States hereby submits the following corrections regarding its Statement of Facts in support of its Motion for Summary Judgment Based on the Absence of Proximate Cause [DE# 154-1], Motion to Dismiss Based on the FTCA's Assault and Battery Exception [DE# 153], Motion to Dismiss based on the FTCA's Discretionary Function Exception [DE #155] and Statement of Facts in support thereof [DE #155-1]:

    1.    Defendant's Statement of Facts [DE# 154-1], paragraph 28, should contain the words "a lyophilizer" instead of "specialized equipment," along with clarifying phrases "[a]lthough USAMRIID had equipment that could be used to dry liquid anthrax in the same building where anthrax research was conducted" and "in the specific containment laboratory where RMR-1029 was housed." For clarity, paragraph 28 should also omit the phrase "would be required."

As corrected, the pertinent statement provides as follows:

> Although USAMRIID had equipment that could be used to dry liquid anthrax in the same building where anthrax research was conducted, USAMRIID did not have a lyophilizer in the specific containment laboratory where RMR-1029 was housed to prepare the dried spore preparations that were used in the letters.[1]

2. Defendant's Motion to Dismiss [DE# 153] at page 3 should contain the phrase "another private medical research facility" instead of "a number of different private medical research facilities." As corrected, the pertinent statement provides as follows: " . . . the record is clear that, prior to the attacks, anthrax from this same batch was lawfully sent to another private medical research facility."

3. Defendant's Motion to Dismiss [DE# 153] at page 3, note 12, should contain the phrase "a private laboratory operated by Battelle" instead of "private laboratories operated by BioPort and Battelle." As corrected, the pertinent statement provides as follows: "(reflecting that, in the years preceding the September/October 2001, attacks, portions of the RMR-1029 batch were provided to a private laboratory operated by Battelle)."

4. Defendant's Motion to Dismiss [DE# 153] at page 27 should contain the phrase "with another facility outside the control of the government (a private research laboratory at Battelle)" instead of "with a number of different facilities outside the control of the government, including private research laboratories at BioPort and Battelle." As corrected, the pertinent statement provides as follows: " . . . this particular batch of anthrax was properly shared, prior to the attacks, with another facility outside the control of the government (a private research laboratory at Battelle)."

---

[1] Defendant United States does not seek to imply that a lyophilizer provides the only means to dry liquid anthrax.

5. Defendant's Motion to Dismiss [DE# 153] at page 27 should contain the phrase "the private research laboratory was allowed to provide" instead of "these private research laboratories could have in turn provided." As corrected, the pertinent statement provides as follows: "Upon the receipt of RMR-1029 spores, the private research laboratory was allowed to provide aliquots to other laboratory facilities for legitimate research purposes."

6. Defendant's Motion to Dismiss [DE# 153] at page 27, note 69, should contain the phrase "reflects an example of pre-attack shipments to a private facility" instead of "reflects a number of examples of pre-attack shipments to private facilities." In addition, page 27, note 69, the statement that "on December 4, 2000, 100 mL of RMR-1029 were provided to BioPort (a private biopharmaceutical and biotech company)" should be deleted. As corrected, the pertinent statement provides as follows: "The Reference Material Receipt Record for RMR-1029 reflects an example of pre-attack shipments to a private facility, including: on May 1, 2001, 90 mL of RMR-1029 were provided to Battelle (a private science and technology company); and on June 15, 2001, 50 mL of RMR-1029 were provided to Battelle."

7. Defendant's Statement of Facts in Support of its Motion to Dismiss [DE# 153-1] at page 2, para. 12, should contain the phrase "an example of a pre-attack shipment to a private facility" instead of "a number of examples of pre-attack shipments to private facilities." In addition, the phrase "identifying amounts provided to BioPort and Battelle" should be changed to "identifying the amounts provided to Battelle." As corrected, the pertinent statement provides as follows: "The Reference Material Receipt Record maintained for RMR-1029 reflects an example of a pre-attack shipment to a private facility. U.S. Ex. AB-2 (RMR-1029 Reference Material Receipt Record) (identifying the amounts provided to Battelle)."

8. Defendant's Motion to Dismiss [DE# 153] should contain the word "body" instead of "bloodstream" at page 17. As corrected, the pertinent statement provides as follows: "Even if a facility were to conduct searches at every door – including strip searches – a scientist who had been inoculated to safely work with certain microorganisms could walk out of a facility undetected with one spore under his or her fingernail or with biological material injected into his or her body."

9. Defendant's Motion to Dismiss [DE# 155], in the Table of Contents, at I.B.1, should contain the word "controls" so it matches the corresponding section of the brief. As corrected, the pertinent statement provides as follows: "Army Regulation 70-65 does not specify controls for working stocks."

10. Defendant's Motion to Dismiss [DE# 155], page 9, should contain closed quotation marks on line 1 after "collection" and at the end of line 3 after "directives" because these are quotations of the definitions of working stock and reference stock in Army Regulation 70-65. As corrected, the pertinent statement provides as follows:

> Paragraph 3-1b narrowly defines reference stocks as "[t]he lowest passage (earliest culture) of a strain of microorganisms with a documented history and defined characteristics kept in a centralized collection." Working stock broadly includes "[a]ny passage of a strain or microorganisms or toxins in any quantity authorized by the commander to meet needs clearly identified in approved research protocols, test plans, and project/study directives."

11. Defendant's Statement of Facts [DE # 155-1], paragraph 7, footnote 2, should contain the phrase "in 2007." As corrected, the pertinent statement provides as follows: "Even by 2002, the field of laboratory security did not yet exist, and in 2007 Dr. Salerno authored the only book currently existing on the subject."

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant contacted Plaintiffs' counsel regarding this notice of errata and that Plaintiffs' counsel affirmed that they do not object to the filing of this notice of errata.

>s/Adam M. Dinnell
>Adam M. Dinnell, Trial Attorney

Dated: July 19, 2011

>Respectfully Submitted,
>
>TONY WEST
>Assistant Attorney General, Civil Division
>
>J. PATRICK GLYNN, S.D. Fla. Bar No. A5500800
>Director, Torts Branch
>
>DAVID S. FISHBACK
>CHRISTINA M. FALK, S.D. Fla. Bar No. A5500802
>Assistant Directors, Torts Branch
>
>KIRSTEN L. WILKERSON, S. D. Fla. Bar No. A5501363
>Senior Trial Counsel, Torts Branch
>
>Leon B. Taranto, S.D. Fla. Bar No. A5501416
>Jacqueline C. Brown, S. D. Fla. Bar No. A5501424
>Jason S. Patil, S.D. Fla. Bar No. A5500801
>Trial Attorneys, Torts Branch
>
>s/Adam M. Dinnell
>Adam M. Dinnell, Trial Attorney
>S. D. Fla. Bar No. A5501284
>U.S. DEPARTMENT OF JUSTICE
>Civil Division, Torts Branch
>1331 Pennsylvania Ave., Ste 800 South
>Washington, D.C. 20004
>(202) 616-4211
>Adam.Dinnell@usdoj.gov
>
>Attorneys for Defendant United States

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 03-81110-CIV-HURLEY/HOPKINS

MAUREEN STEVENS, as Personal Representative of the Estate of ROBERT STEVENS, Deceased, and on behalf of MAUREEN STEVENS, Individually, NICHOLAS STEVENS, HEIDI HOGAN and CASEY STEVENS, Survivors,

 Plaintiffs,

v.

UNITED STATES OF AMERICA,

 Defendant.
_____/

## CERTIFICATE OF SERVICE

 I hereby certify that on July 19, 2011, I served the foregoing document on Plaintiffs' counsel of record identified on the attached Service List electronically.

        s/Adam M. Dinnell
        Adam M. Dinnell

## SERVICE LIST
### Stevens v. United States
### Case No.  03-81110-CIV-HURLEY/HOPKINS
### United States District Court, Southern District of Florida

| | |
|---|---|
| Richard D. Schuler, Esquire | Jason D. Weisser, Esquire |
| FBN:  158226 | FBN:  101435 |
| rschuler@shw-law.com | jweisser@shw-law.com |
| Schuler, Halvorson & Weisser | Schuler, Halvorson & Weisser |
| 1615 Forum Place, Suite 4-D | 1615 Forum Place, Suite 4-D |
| West Palm Beach, FL  33401 | West Palm Beach, FL  33401 |
| Telephone:     561-689-8180 | Telephone:     561-689-8180 |
| Facsimile:     561-684-9683 | Facsimile:     561-684-9683 |
| Attorney for Plaintiffs | Attorney for Plaintiffs |
|    Maureen Stevens |    Maureen Stevens |