UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 9:03-81110-Civ-Hurley/Hopkins

MAUREEN STEVENS, as personal )
representative of the Estate of ROBERT )
STEVENS, deceased, and on behalf of )
MAUREEN STEVENS, individually, )
NICHOLAS STEVENS, HEIDI HOGAN, )
and CASEY STEVENS, survivors, )
)
      Plaintiff, )
)
vs. )
)
UNITED STATES OF AMERICA, )
)
      Defendant. )
_____/

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED (1) MOTION TO DISMISS BASED ON FTCA'S ASSAULT AND BATERY EXCEPTION (DE# 153), (2) STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION TO DISMISS BASED ON FTCA'S ASSAULT AND BATTERY EXCEPTION (DE# 153-1), AND (3) STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BASED ON ABSENCE OF PROXIMATE CAUSE (DE# 154-1), AND MEMORANDUM IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12b(1), 56(c), and this Court's July 25, 2011, Order Striking Defendant United States' "Notice of Errata" and instructing Defendant to address substantive errata by filing a motion seeking permission to file an amended motion and supporting statements, supported by good cause shown, Defendant hereby moves for an Order granting Defendant leave to file the following Amended Motion to Dismiss (Based on the FTCA's Assault and Battery Exception) and Amended Statements of Material Facts for the Motion to Dismiss (Based on the FTCA's Assault and Battery Exception) and for the Motion for Summary Judgment Based on Lack of Proximate Cause filed on July 15, 2011. The filings that Defendant seeks to amend – for DE#'s 153, 153-1, and 154-1 – include statements that require amendment,

clarification or correction, based upon information that the Civil Division received from officials associated with the Amerithrax investigation (the Federal Bureau of Investigation (FBI) and the United States' Attorney's Office for the District of Columbia (U.S. Attorney's Office) after the filing of the original Motion to Dismiss and Statements of Facts that Defendant seeks to amend. This Motion is supporting by the accompanying Declaration of Leon B. Taranto, the undersigned counsel of record for Defendant, and the following Memorandum. Counsel for Plaintiffs has notified Defendant's undersigned counsel that Plaintiffs have no objection to this Motion for Leave to File the Amended Motion to Dismiss and Amended Statements of Material Facts.

A proposed Order is submitted for the Court's consideration.

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED MOTION TO DISMISS AND AMENDED STATEMENTS OF MATERIAL FACTS**

In support of its Motion for Leave, the Defendant states as follows:

1. On July 15, 2011, Defendant filed, *inter alia*, its Motion to Dismiss for Lack of Subject Matter Jurisdiction (Based on the FTCA's Assault and Battery Exception) or, in the Alternative, for Summary Judgment (Based on the FTCA's Analogous Private Liability Requirement and a Corresponding Lack of Causation-In-Fact), and supporting Memorandum [DE# 153]; Statement of Material Facts in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction (Based on the FTCA's Assault and Battery Exception) or, in the Alternative, for Summary Judgment [DE# 153-1]; and Statement of Material Facts Not In Genuine Dispute in Support of its Motion for Summary Judgment Based on the Absence of Proximate Cause [DE# 154-1].

2. The three referenced filings [DE#'s 153, 153-1, and 154-1] included statements that require amendment, clarification or correction, based upon information that officials associated with the Amerithrax investigation (FBI and U.S. Attorney's Office) subsequently provided to the

Civil Division. Those changes pertain to three subjects: the presence and location of drying equipment within USAMRIID; the identification of laboratories receiving RMR-1029 anthrax material from USAMRIID prior to the anthrax letter attacks; and the limitations on the efficacy of searches of people exiting USAMRIID laboratories with respect to certain microorganisms. Taranto Decl. ¶4.

3. In the Defendant's Motion for Summary Judgment Based on Absence of Proximate Cause [DE# 154], the Defendant argued that regardless of whether Plaintiffs accept the Defendant's concession that the evidence would show that Dr. Ivins was the perpetrator of the anthrax letter attacks, the attacks were not foreseeable. Because the language initially used in the Defendant's supporting Statement of Facts could give the substantive misimpression that the Defendant is saying something different from what it is saying, and for the reasons that follow, an amendment is required to the original Statement of Facts in Support of the Motion for Summary Judgment Based on Absence of Proximate Cause. The Statement of Facts stated at ¶ 28: "USAMRIID did not have the specialized equipment in a containment laboratory that would be required to prepare the dried spore preparations that were used in the letters." That statement was based upon deposition testimony that USAMRIID did not have specialized equipment in a containment laboratory that would be required to prepare the dried spore preparations that were used in the letters. Containment, in that context, was the phrase used in witness testimony for the Biological Safety Level (BSL)-3 containment suite, where live anthrax was handled, as distinguished from the lower biosafety level BLS-2 suite, where USAMRIID performed no work with live anthrax and did not store live anthrax. Deponents had referred to a large, refrigerator-size, piece of equipment – a lyophilizer – that was located in BSL-2 suite, and not present in the BSL-3 suite. After the original filing, officials associated with the Amerithrax

investigation and prosecution notified the Civil Division that the original statement at ¶ 28 is technically incorrect since the lyophilizer was located in a containment suite (the lower biosafety level BSL-2 suite), and also because a speed-vac – a much smaller piece of equipment that can be used for drying – was present in the BSL-3 suite.  Defendant seeks to amend the affected sentence at ¶ 28 to more correctly state the facts as follows:  "Although USAMRIID had equipment that could be used to dry liquid anthrax in the same building where anthrax research was conducted, USAMRIID did not have a lyophilizer in the specific containment laboratory where RMR-1029 was housed to prepare the dried spore preparations that were used in the letters."  Taranto Decl. ¶5.  These facts are offered in support of the proposition that it was not foreseeable that liquid anthrax used at USAMRIID could be converted to the dried powder used in the attacks, irrespective of the identity of the attacker.

4. In Defendant's Motion to Dismiss based on the FTCA's assault and battery exception and, in the alternative, for summary judgment, Defendant argues that Plaintiffs' claims must be dismissed because Dr. Ivins, a Government employee, perpetrated the attacks.  In the alternative, Defendant argues that if Plaintiffs reject Defendant's contention that Dr. Ivins was the assailant, they still cannot show that the Defendant's negligence caused Mr. Stevens' death.  As part of this argument, Defendant sought to show that it did not have exclusive control over the source material for the anthrax used in the attacks. To be clear, Defendant still stands behind the Amerithrax criminal investigation's conclusion and its ruling out of all suspects save for Dr. Ivins, but Plaintiffs have made clear that they may seek to rely on an unknown assailant theory. As a result, Defendant seeks to make clear which specific facility (outside Defendant's control) had access to viable anthrax from the batch of anthrax material that was the source for preparing the dried spores used in the attacks.

4

5. Page 3 of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Based on the FTCA's Assault and Battery Exception) states: "Although the government has agreed that it 'owned, managed, grew, [and] experimented' with a batch of anthrax (known as RMR-1029) that was 'genetically similar, but dissimilar in its form, to the anthrax that resulted in the death of Robert Stevens,' and that this anthrax was 'produced by Dr. Bruce Ivins,' the record is clear that, prior to the attacks, anthrax from this same batch was lawfully sent to a number of different private medical research facilities." That statement was based upon a Reference Material Receipt Record that Dr. Ivins maintained for RMR-1029, listing amounts used for different purposes, including amounts used for several different laboratories. Based upon the RMR-1029 record, and witness testimony concerning that record, it appeared that samples of the RMR-1029 material were provided to several other laboratories prior to October 2001, including, at least, Battelle, BioPort, and Covance. Since Covance is an animal laboratory, and a witness indicated that the material would have likely been irradiated (killed) before shipment to Covance, the distribution to Covance was not mentioned in the original filing. After the original filing, officials associated with the Amerithrax investigation and prosecution notified the Civil Division that BioPort would not have received RMR-1029 material. Also, the Civil Division later determined, based upon documentation, that the RMR-1029 used for BioPort was associated with another researcher at USAMRIID, and thus presumably used in-house at USAMRIID and not shipped to BioPort. Since the Civil Division can confirm shipments of live RMR-1029 material only to Battelle prior to the anthrax letter attacks, Defendant seeks to factually correct the record concerning known recipients of live RMR-1029 material, as follows: "Although the government has agreed that it 'owned, managed, grew, [and] experimented' with a batch of anthrax (known as RMR-1029) that was 'genetically similar, but dissimilar in its form, to the anthrax that resulted in

the death of Robert Stevens,' and that this anthrax was 'produced by Dr. Bruce Ivins,' the record is clear that, prior to the attacks, anthrax from this same batch was lawfully sent to another private medical research facility." Taranto Decl. ¶6.

6. For the reasons stated in ¶ 5 above, and in Taranto Decl. ¶¶ 6-7, Defendant also seeks to amend five related statements in its Motion to Dismiss for Lack of Subject Matter Jurisdiction (Based on the FTCA's Assault and Battery Exception), and the supporting Statement of Facts.

    a. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Based on the FTCA's Assault and Battery Exception) states at page 3, note 12: "U.S. Ex. AB-2 (RMR-1029 Reference Material Receipt Record) at ARMY02-010387-88 (reflecting that, in the years preceding the September/October 2001 attacks, portions of the RMR-1029 batch were provided to private laboratories operated by BioPort and Battelle) ..." To correct the record concerning the confirmed recipients of live material from RMR-1029 prior to the anthrax letter attacks, and time period, Defendant seeks to amend its Motion to Dismiss to instead state: "U.S. Ex. AB-2 (RMR-1029 Reference Material Receipt Record) at ARMY02-010387-88 (reflecting that, in the months preceding the September/October 2001 attacks, portions of the RMR-1029 batch were provided to a private laboratory operated by Battelle); ..."

    b. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Based on the FTCA's Assault and Battery Exception) states at pages 26-27: "Although the parties have stipulated that, 'the anthrax to which Mr. Stevens was exposed was produced by Dr. Bruce Ivins, a federal employee scientist who worked with anthrax in the course of his regular duties at [USAMRIID] at Ft. Detrick, Maryland,' this particular batch of anthrax was properly shared, prior to the attacks, with a number of different facilities

6

outside the control of the government, including private research laboratories at BioPort and Battelle." Defendant seeks to amend its Motion to Dismiss to instead state: "Although the parties have stipulated that, 'the anthrax to which Mr. Stevens was exposed was produced by Dr. Bruce Ivins, a federal employee scientist who worked with anthrax in the course of his regular duties at [USAMRIID] at Ft. Detrick, Maryland,' this particular batch of anthrax was properly shared, prior to the attacks, with another facility outside the control of the government (a private research laboratory at Battelle)."

c. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Based on the FTCA's Assault and Battery Exception) states at page 27: "Upon the receipt of RMR-1029 spores, these private research laboratories could have in turn provided aliquots to other laboratory facilities for legitimate research purposes." Defendant seeks to amend its Motion to Dismiss to instead state: "Upon the receipt of RMR-1029 spores, the private research laboratory was allowed to provide aliquots to other laboratory facilities for legitimate research purposes."

d. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Based on the FTCA's Assault and Battery Exception) states at page 27, note 69: "The Reference Material Receipt Record for RMR-1029 reflects a number of examples of pre-attack shipments to private facilities, for example: on December 4, 2000, 100 mL of RMR-1029 were provided to BioPort (a private biopharmaceutical and biotech company); on May 1, 2001, 90 mL of RMR-1029 were provided to Battelle (a private science and technology company); and on June 15, 2001, 50mL of RMR-1029 were provided to Battelle." Defendant seeks to amend its Motion to Dismiss to instead

state: "The Reference Material Receipt Record for RMR-1029 reflects an example of pre-attack shipments to a private facility, including: on May 1, 2001, 90 mL of RMR-1029 were provided to Battelle (a private science and technology company); and on June 15, 2001, 50mL of RMR-1029 were provided to Battelle."

e. Defendant's Statement of Facts submitted in support of the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Based on the FTCA's Assault and Battery Exception) states at page 2, ¶ 12: "The Reference Material Receipt Record maintained for RMR-1029 reflects a number of examples of pre-attack shipments to private facilities. U.S. Ex. AB-2 (RMR-1029 Reference Material Receipt Record) (identifying amounts provided to BioPort and Battelle)." Defendant seeks to amend its Statement of Fact in support of the Motion to Dismiss to instead state: "The Reference Material Receipt Record maintained for RMR-1029 reflects an example of a pre-attack shipment to a private facility. U.S. Ex. AB-2 (RMR-1029 Reference Material Receipt Record) (identifying the amounts provided to Battelle)."

f. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Based on the FTCA's Assault and Battery Exception) states at page 27, note 71: "In support of their motion to withdraw the stipulation regarding the criminal investigation's ultimate conclusion that Dr. Ivins was the assailant, Plaintiffs cited substantial testimony that no one at USAMRIID could have created the spores that were sent to Mr. Stevens. *See* Pls.' Mot. to Withdraw [DE# 139] at 2-6. In light of that evidence, Plaintiffs' inconsistent theories as to the potential assailant place at issue all persons who could have had access to RMR-1029, including the private facilities to which spores from RMR-1029 were sent. The United States adheres to the criminal investigation's

8

ultimate conclusion, which eliminated everyone other than Dr. Ivins, but Plaintiffs' broadening of the universe of potential perpetrators implicates outside facilities, not just government employees." Since only one non-Governmental facility is known to have received live RMR-1029 anthrax material prior to the anthrax letter attacks, Defendant seeks to amend the last two sentences in note 71 of its Motion to Dismiss to instead state: "In light of that evidence, Plaintiffs' inconsistent theories as to the potential assailant place at issue all persons who could have had access to RMR-1029, including the private facility to which spores from RMR-1029 were sent. The United States adheres to the criminal investigation's ultimate conclusion, which eliminated everyone other than Dr. Ivins, but Plaintiffs' broadening of the universe of potential perpetrators implicates an outside facility, not just government employees."

g. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Based on the FTCA's Assault and Battery Exception) states at page 27: "Once Plaintiffs reject the government's concession that the evidence would show, more likely than not, that Dr. Ivins was the assailant, they open up the door to *anyone* having intercepted the kind of spores used in the attack (RMR-1029) during shipment or, more importantly, from one of the non-government operated facilities." Since only one non-Governmental facility is known to have received live RMR-1029 anthrax material prior to the anthrax letter attacks, Defendant seeks to amend the foregoing sentence to read: "Once Plaintiffs reject the government's concession that the evidence would show, more likely than not, that Dr. Ivins was the assailant, they open up the door to *anyone* having intercepted the kind of spores used in the attack (RMR-1029) during shipment or, more importantly, from a non-government operated facility."

9

7. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Based on the FTCA's Assault and Battery Exception) states at page 17: "Even if a facility were to conduct searches at every door – including strip searches – a scientist who had been inoculated to safely work with certain microorganisms could walk out of a facility undetected with one spore under his or her fingernail or with biological material injected into his or her bloodstream." The statement in the Motion concerning the prospect of an insider self-injecting a microorganism was based upon a statement to that effect in the cited Defense Science Board Task Force report, which discussed an insider's injection of a pathogen into his/her "body." The report does not mention injection into the bloodstream, or other types of injection (*e.g.*, subcutaneous), but simply refers to injection into a person's "body. Defendant seeks to amend its Motion, as follows, to accurately mirror the statement in the cited report of the Defense Science Board: "Even if a facility were to conduct searches at every door – including strip searches – a scientist who had been inoculated to safely work with certain microorganisms could walk out of a facility undetected with one spore under his or her fingernail or with biological material injected into his or her body." Taranto Decl. ¶8.

8. Appended to this Motion, as Exhibits 1, 2 and 3, and the three amended pleadings that Defendant seeks leave to file, and which include the changes specified in the foregoing paragraphs of this Motion:

> Defendant's Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction (Based on the FTCA's Assault and Battery Exception) or, in the Alternative, for Summary Judgment (Based on the FTCA's Analogous Private Liability Requirement and a Corresponding Lack of Causation-In-Fact), and supporting Memorandum (Exhibit 1) [replacing DE# 153];
>
> Defendant's Amended Statement of Material Facts in Support of Motion (in the Alternative) for Summary Judgment (Based on the FTCA's Analogous Private Liability Requirement and a Corresponding Lack of Causation-In-Fact) (Exhibit 2) [replacing DE# 153-1]; and

10

>Defendant's Amended Statement of Material Facts Not In Genuine Dispute in Support of a Motion for Summary Judgment Based on the Absence of Proximate Cause, and supporting Memorandum (Exhibit 3) [replacing DE# 154-1]

9. The Motion for Leave for to file the Amended Motion and Amended Statements of Material Facts seeks to correct and clarify the factual record based upon information received by the Civil Division following the filing of the referenced Motion and Statements of Material Facts. Granting the relief sought by Defendant will not delay these proceedings or result in any prejudice to Plaintiff.

10. Plaintiffs' counsel has advised Defendant's undersigned counsel that Plaintiffs do not oppose Defendant's Motion for Leave to file the amended motion to dismiss for DE# 153, and the amended statements of facts for DE#'s 153-1 and 154-1. Taranto Decl. ¶9.

For the foregoing reasons, Defendant requests that the Court grant the Motion to Leave and enter an Order allowing Defendant to file an Amended Motion to Dismiss for the Motion to Dismiss at DE# 153, and Amended Statements of Material Facts for the Statements of Material Facts at DE#'s 153-1 and 154-1.

Dated: July 27, 2011                     Respectfully Submitted,

                                              TONY WEST
                                              Assistant Attorney General, Civil Division

                                              J. PATRICK GLYNN
                                              S.D. Fla. Bar No. A5500800
                                              Director, Torts Branch

                                              DAVID S. FISHBACK
                                              CHRISTINA M. FALK
                                              S.D. Fla. Bar No. A5500802
                                              Assistant Directors, Torts Branch

KIRSTEN L. WILKERSON
S. D. Fla. Bar No. A5501363
Senior Trial Counsel, Torts Branch

ADAM DINNELL
S. D. Fla. Bar No. A5501284
JACQUELINE C. BROWN
S. D. Fla. Bar No. A5501424
JASON S. PATIL
S.D. Fla. Bar No. A5500801
Trial Attorneys, Torts Branch

*/s/ Leon B. Taranto*
LEON B. TARANTO
S.D. Fla. Bar No. A5501416
Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Civil Division, Torts Branch
1331 Pennsylvania Ave., #8014 South
Washington, D.C. 20004
(202) 616-4231
Leon.B.Taranto@usdoj.gov
Attorneys for Defendant United States

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-81110-CIV-HURLEY/HOPKINS

MAUREEN STEVENS, as Personal
Representative of the Estate of ROBERT
STEVENS, Deceased, and on behalf of
MAUREEN STEVENS, Individually,
NICHOLAS STEVENS, HEIDI HOGAN
and CASEY STEVENS, Survivors,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

### Certificate of Service

I hereby certify that on July 27, 2011, I served the foregoing document, with the Referenced Declaration, proposed amended filings, and proposed Order, on Plaintiffs' counsel of record identified on the attached Service List, electronically via the CM/ECF court filing system.

_____
LEON B. TARANTO

## SERVICE LIST
### Stevens v. United States
### Case No.   03-81110-CIV-HURLEY/HOPKINS
### United States District Court, Southern District of Florida

Richard D. Schuler, Esquire
FBN:   158226
rschuler@shw-law.com
Schuler, Halvorson & Weisser
1615 Forum Place, Suite 4-D
West Palm Beach, FL   33401
Telephone:   561-689-8180
Facsimile:   561-684-9683
Attorney for Plaintiffs
    Maureen Stevens

Jason D. Weisser, Esquire
FBN:   101435
jweisser@shw-law.com
Schuler, Halvorson & Weisser
1615 Forum Place, Suite 4-D
West Palm Beach, FL   33401
Telephone:   561-689-8180
Facsimile:   561-684-9683
Attorney for Plaintiffs
    Maureen Stevens