UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-81110-CIV-HURLEY

**MAUREEN STEVENS, as Personal Representative of
THE ESTATE OF ROBERT STEVENS, etc.,**
    **plaintiff,**

vs.

**UNITED STATES OF AMERICA,**
    **defendant.**
_____/

**ORDER TO SHOW CAUSE**

**THIS CAUSE** is before the court following notification of tentative settlement and the parties' joint motion to stay deadlines pending finalization of settlement filed October 27, 2011.

Recognizing that there is a strong presumption in favor of public access to judicial proceedings and records which extends to both civil and criminal trials, *Nixon v Warner Communications, Inc.*, 435 U.S. 589, 98 S. Ct. 1306, 55 L.Ed.2d 570 (1978); *National Organization for Marriage v McKee,* 649 F.3d 34 (1st Cir. 2011); *Publicker Industries, Inc. v Cohen*, 733 F.2d 1059 (3d Cir. 1984), and that "[p]ublic access to judicial records and documents allows the citizenry to 'monitor the functioning of court courts, thereby insuring quality, honesty and respect for our legal system," *F.T.C. v Standard Financial Management Corp.*, 830 F.2d 404, 410 (1st Cir. 1987), quoting *In re Continental Illinois Securities Litigation*, 732 F.2d 1302, 13080 (7th Cir. 1984), the court *sua sponte* raises issue as to the need for continued restricted access to select portions of the pretrial record initially filed in sealed form in this proceeding.

In determining whether a continued seal over portions of the record is justified, the court must determine the existence of extraordinary "good cause," which requires balancing the

competing interests of the public in accessing court documents against a party's interest in keeping information confidential."[1] *Romero v Drummond Co., Inc.*, 480 F.3d 1234 (11th Cir. 2007). *See e.g., In re Roman Catholic Archbishop of Portland in Oregon*, ___ F.3d ____, 2011 WL 4375678 (9th Cir. Sept. 21, 2011)(no good cause justified continuation of protective order to bar public disclosure of personnel records related to non-retired priest); *E.E.O.C. v National Children's Center, Inc.*, 98 F.3d 1406 (D.C. Cir. 1996)(fact that exhibits and attachments were referenced in public filings of parties may create public need for them, thus militating against sealing the record as to exhibits and attachments).

It is accordingly **ORDERED AND ADJUDGED:**

1. The parties to this and that action are directed to **SHOW CAUSE** as to why this court's October 20, 2011 order, directing the public filing of select documents previously submitted under seal in connection with various pretrial proceedings, pursuant to the parties' joint motion to modify Protective Orders Nos. 3 and 4 [DE# 229], should not enforced according to its terms.

---

[1] Factors relevant to the balancing process include whether allowing access would impair court functions or harm legitimate privacy interests; the degree and likelihood of injury if information is made public; reliability of information; whether information concerns public officials or public concerns; availability of less onerous alternatives to sealing documents, *Romero v Drummond Co.,* 480 F.3d 1234 , 1246 (11th Cir. 2007), citing *Shingara v Skiles*, 420 F.3d 301, 305-06 (3d Cir. 2005), whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event, and whether the public has already had access to the information contained in the records. *Virginia Dept. of State Police v Washington Post*, 386 F.3d 567 (4th Cir. 2004), *cert. den.*, 544 U.S. 949 (2005).

Other factors include the strength of any property or privacy interests asserted; the possibility of prejudice to those opposing disclosure and the purposes for which the documents were introduced during the judicial proceedings. *Upshaw v United States*, 754 F. Supp. 2d 24 (D. D.C. 2010), citing *United States v Hubbard*, 650 F.2d 293, 316-17 (D.C. Cir. 1980). *See e.g. United States v The Business of the Custer Battlefield Museum and Store Located at Interstate 90, Exit 514, South of Billings, Montana*, ___ F.3d ___ 2011 WL 4526024 (9th Cir. Sept. 30, 2011)(common law right of public access applies to post investigation warrant materials); *Kamakana v City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006); 447 F.3d 1179 (compelling reasons must be shown to seal judicial records attached to a dispositive motion).

2. The parties are directed to respond with the submission of a written statement of reasons outlining their respective positions on the unsealing of these documents by no later than **THURSDAY NOVEMBER 3, 2011.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 1st day of November, 2011.

                                                                                              _____
                                                                                              Daniel T. K. Hurley
                                                                                              United States District Judge

cc. All counsel