UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 9:03-81110-Civ-Hurley/Hopkins

MAUREEN STEVENS, as personal )
representative of the Estate of ROBERT )
STEVENS, deceased, and on behalf of )
MAUREEN STEVENS, individually, )
NICHOLAS STEVENS, HEIDI HOGAN, )
and CASEY STEVENS, survivors, )
                                                           )
        Plaintiffs, )
                                                           )
    vs. )
                                                           )
UNITED STATES OF AMERICA, )
                                                           )
        Defendant. )
_____/

**UNITED STATES' RESPONSE TO ORDER TO SHOW CAUSE
AND NOTICE OF FILING OF SELECT DOCUMENTS RELEASED FROM
PROTECTIVE ORDERS #3 AND #4**

In response to the Court's Order to Show Cause [DE# 238] and in accordance with the parties' earlier request for leave to file select documents [DE# 229], the United States hereby files public copies of the documents that are no longer subject to Protective Orders #3 and #4 under this Court's Order on October 20, 2011 [DE#232], and that were previously filed under seal as exhibits in relation to pending dispositive motions.[1] In Appendix A to this filing, the

---

[1] Two of these documents, which are two versions of the Army Inspector General (IG) report, contain personal information about various non-senior individuals that we have redacted to protect the privacy rights of these individuals. Ex. 4 at ARMY02-011083 and 011092-011093; Ex. 13 at ARMY02-010041-01042. The information is proper for redaction under Protective Order #1 protecting privacy information, and would have been so redacted if the document had not instead been produced wholly under seal subject to Protective Order #3 and #4. As Protective Order nos. 3 and 4 no longer apply to the Army IG report, redaction is necessary to protect the privacy rights of the non-senior individuals mentioned.

1

United States also lists the released documents, per its representation in the parties' Joint Motion For Leave to File [DE# 229 at 3], and identifies all the instances in which these documents have previously been filed as exhibits to the parties' recent briefs partially or wholly under seal. By this filing, the United States is in full compliance with the Court's orders.[2]

In Plaintiffs' response to the Court's Order to Show Cause, they similarly argue that "this Court's Order of October 20, 2011 should be enforced according to its terms." [DE# 242] Yet, they also appear to raise an issue *outside* the scope of the Court's Order: the need for privacy over Dr. Ivins' medical records. [DE# 242 at 2] If Plaintiffs mean to request that the medical records filed with the Court under seal should also be released from the protective orders that apply, the appropriate vehicle would be a separate motion. Despite the absence of such a motion, the United States submits that the unsealing of protected information not governed by the Court's October 20 order is unwarranted for the following reasons.

## ARGUMENT

**I.   Releasing Medical Records From the Scope of Protective Orders Is Outside the Scope of the Court's Order to Show Cause.**

The Court's Order to Show Cause, to which the parties are responding, concerns *only* those documents that the Court, upon joint motion by the parties, released from Protective Orders #3 and #4 in its Order of October 20, 2011. Yet, Plaintiffs' response to the Court's Order to Show Cause appears to request that the Court unseal *additional* documents (*i.e.*, Dr. Ivins' medical records) that are subject to entirely different protective orders, namely Protective Orders ## 5, 6, and 7. [DE#99, 108, 116] Notably, Plaintiffs never opposed the entry of any of those

---

[2] The United States does not herein file excerpts relied on solely by Plaintiffs, although it does identify them in Appendix A. Plaintiffs have been made aware that the United States will not be filing their exhibits in addition to its own in response to the Court's Order to Show Cause; therefore, if Plaintiffs do not do so themselves, the Court should order them to publicly file the exhibits designated as Plaintiffs' in Appendix A.

2

three protective orders in this case; in fact, despite their assertion that they "ha[ve] not sought protective orders or confidentiality agreements regarding any court documents," they *joined* in the requests for Protective Orders #5 and #6 [DE## 97, 104] and filed numerous exhibits of their own under seal. For the purposes of this response, the United States assumes that Plaintiffs seek to modify the Protective Orders #5 through #7 to permit the public filing of all medical records currently filed under seal. In any case, a motion setting forth the particular reason why each sealed document beyond the scope of the Court's October 20 Order is no longer entitled to protection is required to give the United States a proper opportunity to respond.

## II. Plaintiffs Cannot Show That Modification of the Protective Orders Is Warranted Because All Are Based on Continuing and Legitimate Needs For Confidentiality.

Plaintiffs cannot show that modification of the protective orders in this case is warranted. In assessing the need for modification of a protective order, courts apply a balancing test that considers not only the public's right of access, but also the reliance placed by the parties on the protective order, the integrity of court orders, and the purpose of confidentiality orders in streamlining the discovery process. *SRS Techs., Inc. v. Physitron, Inc.*, 216 F.R.D. 525 (N.D. Ala. 2003) (adopting test from *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 790 (3d Cir. 1994), and Arthur R. Miller, *Confidentiality, Protective Orders, & Public Access to the Courts*, 105 Harv. L. Rev. 427, 499-501 (1991)). The reliance interest described by the court in *SRS Techs.* refers to the fact that absent a protective order, the parties may have "fought long and hard over the documents requested in discovery"; the protective order therefore provides a desirable "lubricating effect" to discovery. *SRS Techs.*, 216 F.R.D. at 530 (quoting *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 535 (1st Cir. 1993)). Here, as explained below, the United States could not have produced or even obtained many of the documents filed under seal in this case had there not been protective orders in place. *Compare with SRS Techs., Inc.*, 216 F.R.D. at

3

530 ("The protective order 'did away with' numerous objections that both plaintiff and the defendants could have and would have raised regarding many documents produced in the case"). In reliance on the protective orders, the parties filed redacted or sealed information that includes Army medical records, private psychiatrist notes, and several expert reports and depositions discussing in great detail the medical and psychiatric history of Dr. Ivins.

Protective Orders #5 through #7 were granted based on continuing, legitimate concerns outlined not only by the United States and Plaintiffs in their joint (or unopposed) motions but also by other stakeholders such as Dr. Ivins' estate, and those concerns still exist. Protective Orders #5 through 7 concern psychiatric records produced by several private psychiatrists and Army medical records concerning Dr. Ivins. In our motion seeking the entry of Protective Order #7 [DE#109], the United States highlighted its obligation, which remains unchanged, to abide by the restrictions of the Health Insurance Portability and Accountability Act, 29 U.S.C. § 1181, *et seq.*, by protecting medical information of its employees, and we also discussed the applicability of the federally-recognized psychotherapist-patient privilege. *See generally Jaffee v. Redmond*, 518 U.S. 1 (1996); *see also* Md. Code Ann., Cts. & Jud. Proc. § 9-109. Federal courts have long recognized the need to protect individuals' private medical information from public consumption in order to encourage employees to be frank with their employers and physicians and to seek treatment when necessary for their condition, without the fear that their information will later appear in the public record. That same rationale remains here with respect to the records of the non-party Dr. Ivins. In fact, some of the confidential third-party records were only produced over the objections of Dr. Levy, Dr. Ivins' former treating psychiatrist, and Dr. Ivins' widow, who asserted the psychotherapist-patient privilege. [DE## 100, 117] The Court overruled Mrs. Ivins' assertion of the privilege in this case, choosing instead to allow production and use of the

4

materials under seal.  [DE# 116]  The Court should not further disregard Mrs. Ivins' rights at this stage by unsealing documents after all the various participants in this litigation relied on the confidentiality provided by Protective Orders #5 through #7.

## CONCLUSION

In filing the attached documents to its response, the United States has complied fully with the Court's Order authorizing the public release of those documents.  With regard to Plaintiffs' apparent assertion that the Court should also unseal medical records subject to protective orders in this case, Plaintiffs have failed to satisfy their burden to modify the protective orders, and the Court should preserve the legitimate protective orders it has entered in this case and decline to take up Plaintiffs' request.

Dated:  November 3, 2011			Respectfully Submitted,


						J. PATRICK GLYNN, Director,
							S.D. Fla. Bar No. A5500800
						DAVID S. FISHBACK, Asst. Director
						CHRISTINA M. FALK, Asst. Director,
							S.D. Fla. Bar No. A5500802
						KIRSTEN L. WILKERSON, Sr. Trial Counsel,
							S. D. Fla. Bar No. A5501363
						LEON B. TARANTO, Trial Attorney,
							S.D. Fla. Bar No. A5501416
						ADAM M. DINNELL, Trial Attorney,
							S. D. Fla. Bar No. A5501284
						JACQUELINE C. BROWN, Trial Attorney,
							S.D. Fla. Bar No. A5501424
						JASON S. PATIL, Trial Attorney,
							S.D. Fla. Bar No. A5500801


						       /Kathryn N. Boling					
						KATHRYN N. BOLING
						 S.D. Fla. Bar No. A5501484
						Trial Attorney
						U.S. DEPARTMENT OF JUSTICE
						Civil Division, Torts Branch

1331 Pennsylvania Ave. NW, Ste. 8206N
Washington, D.C. 20004
(202) 307-0101
Kathryn.n.boling@usdoj.gov
*Attorneys for Defendant United States*

6

# APPENDIX A
## To the United States' Response to the Court's Order to Show Cause

This Appendix lists the documents released by the Court in its October 20, 2011, order and identifies all the instances in which each document was previously filed as an exhibit to the parties' briefs, either partially or wholly under seal. Each document previously filed by the United States is also attached as an exhibit to this Response.

**Ex. 1.** Sandia National Laboratory, Security Review of USAMRIID – Final Report, 9/26/02, ARMY02-10253-10346 (or other Bates numbers marking the same document)

| Exhibit # | Brief | DE# | Date Filed | Filing Party |
|---|---|---|---|---|
| 7 | 28 U.S.C. § 2680(a) Motion to Dismiss | 155-9[*] | 7/15/11 | United States |
| 1 | 28 U.S.C. § 2680(a) Response Brief | 192-1 | 9/16/11 | Plaintiffs |
| 15 | 28 U.S.C. § 2680(a) Response Brief | 192-1 | 9/16/11 | Plaintiffs |
| 10 | 28 U.S.C. § 2680(a) Response SOF | 197-1 | 9/26/11 | Plaintiffs |
| 25 | 28 U.S.C. § 2680(a) Response SOF | 197-1 | 9/26/11 | Plaintiffs |

**Ex. 2.** Integrated Capabilities Assessment of USAMRIID, Sept. 1996, ARMY02-10530 to 10667

| Exhibit # | Brief | DE# | Date Filed | Filing Party |
|---|---|---|---|---|
| 69 | 28 U.S.C. § 2680(a) Reply | 202-27 | 9/27/11 | United States |
| 17 | Motion to Exclude Wade Testimony | 226-18 | 10/14/11 | United States |

**Ex. 3.** Integrated Vulnerability Assessment of Ft. Detrick, Tenant Activities, and Frederick Cancer Research and Development Center, Feb. 1998, ARMY02-10668 to 10681

| Exhibit # | Brief | DE# | Date Filed | Filing Party |
|---|---|---|---|---|
| 18 | Motion to Exclude Wade Testimony | 226-19 | 10/14/11 | United States |

---

[*] Even though the exhibits to this motion are filed at DE#155, the brief and statement of facts in support of this motion are now filed at DE#221-1 and #221-2.

Ex. 4.  Army Inspector General report of Special Inspection of U.S. Army Biological Defense Program – Anthrax, Nov. 2001, dated Jan. 23, 2002, ARMY02-011078 to 011113

| Exhibit # | Brief | DE# | Date Filed | Filing Party |
|---|---|---|---|---|
| 12 | 28 U.S.C. § 2680(a) Response Brief | 192-1 | 9/16/11 | Plaintiffs |
| 9 | 28 U.S.C. § 2680(a) Response SOF | 197-1 | 9/26/11 | Plaintiffs |
| 14 | Wade Motion | 226-15 | 10/14/11 | United States |

Ex. 5.  Deposition excerpts of Jay Arrison

| Exhibit # | Brief | DE# | Date Filed | Filing Party |
|---|---|---|---|---|
| 3 | 28 U.S.C. § 2680(a) Response SOF | 197-1 | 9/26/11 | Plaintiffs |
| 57 | 28 U.S.C. § 2680(a) Reply | 202-15 | 9/27/11 | United States |
| 10 | 28 U.S.C. § 2680(a) Motion to Dismiss | 155-12* | 7/15/11 | United States |

Ex. 6.  Deposition excerpts of Dr. Edward Eitzen

| Exhibit # | Brief | DE# | Date Filed | Filing Party |
|---|---|---|---|---|
| AB-7 | 28 U.S.C. § 2680(h) Motion | 173-8 | 7/29/11 | United States |
| 58 | 28 U.S.C. § 2680(a) Reply | 202-16 | 9/27/11 | United States |
| 8 | 28 U.S.C. § 2680(a) Motion to Dismiss | 155-10* | 7/15/11 | United States |
| PC-05 | Prox. Cause Motion | 172-6 | 7/29/11 | United States |

Ex. 7.  Deposition excerpts of Dr. Peter Jahrling

| Exhibit # | Brief | DE# | Date Filed | Filing Party |
|---|---|---|---|---|
| PC-6 | Prox. Cause Motion | 172-7 | 7/29/11 | United States |
| 14 | 28 U.S.C. § 2680(a) Motion to Dismiss | 155-16* | 7/15/11 | United States |
| 46 | 28 U.S.C. § 2680(a) Reply | 202-4 | 9/27/11 | United States |

Ex. 8.  Deposition excerpts of Reynolds Salerno

| Exhibit # | Brief | DE# | Date Filed | Filing Party |
|---|---|---|---|---|
| AB-8 | 28 U.S.C. § 2680(h) Motion | 173 | 7/29/11 | United States |
| 6 | 28 U.S.C. § 2680(a) Motion to Dismiss | 155-8* | 7/15/11 | United States |
| 11 | 28 U.S.C. § 2680(a) Response Brief | 192-1 | 9/16/11 | Plaintiffs |

**Ex. 9.   Declaration of Richard Wade**

| Exhibit # | Brief | DE# | Date Filed | Filing Party |
|---|---|---|---|---|
| AB-5 | 28 U.S.C. § 2680(h) Motion | 173-6 | 7/29/11 | United States |
| 17 | 28 U.S.C. § 2680(a) Response Brief | 192-1 | 9/16/11 | Plaintiffs |
| 1 | Motion to Exclude Wade Testimony | 226-2 | 10/14/11 | United States |

**Ex. 10.   Deposition excerpts of Richard Wade**

| Exhibit # | Brief | DE# | Date Filed | Filing Party |
|---|---|---|---|---|
| 18 | 28 U.S.C. § 2680(a) Motion to Dismiss | 155-20[*] | 7/15/11 | United States |
| 19 | 28 U.S.C. § 2680(a) Response Brief | 192-1 | 9/16/11 | Plaintiffs |
| 4 | Motion to Exclude EBAP Report | 200-5 | 9/27/11 | United States |
| 2 | Motion to Exclude Wade Testimony | 226-3 | 10/14/11 | United States |

**Ex. 11.   Supplemental Declaration of Richard Wade**

| Exhibit # | Brief | DE# | Date Filed | Filing Party |
|---|---|---|---|---|
| 5 | Motion to Exclude Wade Testimony | 226-6 | 10/14/11 | United States |
| 17a | 28 U.S.C. § 2680(a) Response Brief | 192-1 | 9/16/11 | Plaintiffs |

The following two exhibits were not filed with the Court as exhibits, but were released by the Court in its October 20 order:

**Ex. 12.   Army Inspector General memo and report of Special Inspection of 3 Army Biological Defense Program labs, Nov. 2001, ARMY02-010041 to 010061**

**Ex. 13.   Appendix A: Consol. List of Recommendations (appendix to Jan. 2002 IG report), ARMY02-011109 to 011113**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 9:03-81110-Civ-Hurley/Hopkins

| | |
|---|---|
| MAUREEN STEVENS, as personal representative of the Estate of ROBERT STEVENS, deceased, and on behalf of MAUREEN STEVENS, individually, NICHOLAS STEVENS, HEIDI HOGAN, and CASEY STEVENS, survivors,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)/ |

**Certificate of Service**

I hereby certify that on November 3, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List by transmission of Notices of Electronic Filing generated by CM/ECF.


                                                                       s/Kathryn N. Boling
                                                                       Kathryn N. Boling

## SERVICE LIST
### Stevens v. United States, Case No. 03-81110-CIV-HURLEY/HOPKINS
### United States District Court, Southern District of Florida

| | |
|---|---|
| Richard D. Schuler, Esquire | Jason D. Weisser, Esquire |
| FBN: 158226 | FBN: 101435 |
| rschuler@shw-law.com | jweisser@shw-law.com |
| Schuler, Halvorson & Weisser | Schuler, Halvorson & Weisser |
| 1615 Forum Place, Suite 4-D | 1615 Forum Place, Suite 4-D |
| West Palm Beach, FL 33401 | West Palm Beach, FL 33401 |
| Tel. 561-689-8180; Fax 561-684-9683 | Tel. 561-689-8180; Fax 561-684-9683 |
| Attorney for Plaintiffs | Attorney for Plaintiffs |