# Major Recommendations

- Establish a network & information assurance program

- Place additional emphasis on planning for major disaster

- Organize an in-house medical response team

- Maintain inventory of infectious material in multiple locations

- Increase overall physical security of USAMRIID



SMAMRIID

ARMY02-010600

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110-



# Conclusions

- USAMRIID is at risk from a terrorist attack

- Growing importance of BW defense makes USAMRIID a target
  - Risk is underestimated

- USAMRIID must evolve to next level of security to safely operate in the new threat environment

**"Open" does not mean defenseless**



USMARRIID

ARMY02-010601

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

We settled "on the American training mission

'because of the ease of entering and leaving

the parking area of this building.'''

**Abdulaziz Fahd Nasser
Washington Post,
May 26, 1996**

ARMY02-010602

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# WHAT IS GOOD FOR

# SECURITY

# IS POOR FOR

# FIRE & LIFE SAFETY

ARMY02-010603

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# FIRE & LIFE SAFETY

## Buildings 1301, 1412, 1414, 1425 & Farm

### were assessed

SMAMRIIDSH

ARMY02-010604

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# FIRE AND LIFE SAFETY

## Strengthes

- **Building Assets**
  - Egress doors & gates unlock upon fire alarm
  - Good access to all sides of buildings
  - Fire alarm system incorporates smoke, heat, water flow, and pull station detectors
  - Direct connection of fire alarm system to base EOC
  - Personal assistance alarm system in lab areas

- **Base Supported Assistance**
  - Fire control personnel (Base Fire Station)
  - Police Department
  - 1.3 million gallon on base water system
  - RIID personnel have radio communication with base support

SMAMRIIDSH

ARMY02-010605

REMOVED FROM PROTECTIVE ORDER NO. 3

- SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S.; No. 03-cv-81110 -

# FIRE & LIFE SAFETY

## Weaknesses (Major)

- No formal internal response team for medical or fire emergencies (limited staffing, limited backup support, increasing assignments of Base fire personnel)
  - Only FDFD personnel allowed in BL-3/4 labs in a medical emergency

- Training
  - Fire Drills—Held on tenant dedicated schedule—last drill over one year ago
  - CRP—No organized formal training
  - Fire extinguishers—No formal training

- Dumpsters dedicated to "burnable" and "cardboard" only trash located under roof of loading docks

- Limited use of sprinklers and standpipes
  - $CO_2$ system in hazardous material storage area

- Inspection - No current posting of annual inspections
  - Fire Extinguishers
  - Elevators—Last inspection over eighteen months old



For Official Use Only
SMAMRIIDSH

ARMY02-010606

# FIRE & LIFE SAFETY

## Weaknesses (Minor)

- Limited posting of building evacuation plans
- Propane storage tanks in exposed location on pedestrian walkway
- Storage in hallways , mechanical areas
- $O^2$ shut-off values missing wrenches
- No emergency lighting in labs in case of total power failure
- RIID radio system
- Speaker windows in containment labs appear to be non- fire resistant

SMAMRIIDSH

ARMY02-010607

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# FIRE & LIFE SAFETY

- Radio System

  - RIID is currently using two different radio systems
    -- One radio is an older system on the VHF band with only one channel
    -- The second system is an up-to-date radio system that is part of the base radio communication network

  - The base network is an UHF trunking radio system
    -- It currently is made up of over 30 call group (USAMRIID, Fire Dept. PMO, DIS, etc.)
    -- There are currently only three (3) pairs of voice channels available a fourth channel transmitter is available but not installed

  - In an emergency, the three channels could easily become swamped

SMAMRIIDSH

ARMY02-010608

# FIRE & LIFE SAFETY

## Recommendations

**Short-term - Training (all phases)**
- Change pull station fire alarm to pull station plus other detector before doors unlock
- Change color of emergency phones to red
- Change color of personal alarm pull stations
- Clean up storage--hallways, utility areas
- Install battery lighting in containment labs
- Evaluate "speaker windows" in containment labs for fire worthiness

**Long-term - Upgrade automatic fire protection systems to cover needed areas**

SMAMRIIDSH

ARMY02-010609

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# FIRE & LIFE SAFETY

## Summary

- Overall good protection fire & life safety
  - (1) Alarms centrally and remotely monitored
  - (2) Support help well trained & familiar (when available)
  - (3) Fire load small by nature of building construction and type of work

- In-house backup to Base fire protection needed

- Training needs to be upgraded and resumed

SMAMRIIDSH

ARMY02-010610

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110



ARMY02-010611

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110



ARMY02-010612

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110



ARMY02-010613

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110



ARMY02-010614

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110



ARMY02-010615

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110



# EMERGENCY PREPAREDNESS - COMPONENTS

- Planning
- Mitigation
- Response
- Recovery

ARMY02-010616

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# EMERGENCY PREPAREDNESS - STRENGTHS

- USAMRIID and supporting Post plans well organized and address most emergency situations

- USAMRIID safety program comprehensive
  - Newcomer Orientation Program
  - Safety Program Manual
  - Individual safety & phone number cards

- Excellent emergency response support from Post

SMAMRIIDP

ARMY02-010617

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# EMERGENCY PREPAREDNESS
## CONCERNS & RECOMMENDATIONS

- Catastrophic event, public affairs and recovery are not addressed in emergency preparedness regulations
  -- Include catastrophic events, public affairs in emergency preparedness regulations

- Develop method to disseminate current fire prevention and response information
  -- Emergency preparedness regulation eliminates regulation that provided guidance on fire prevention program and some fire response outlined in rescinded regulations

- No procedures for complete loss of power in BL-3 & BL-4 labs
  -- Develop and distribute procedures for BL-3 & BL-4 labs in the event of complete loss of power

- Limited radio capability for large scale response
  -- Consider acquisition of additional radio frequencies and/or develop priority of user system



For Official
SMAWRIIDP

ARMY02-010618

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# Emergency Preparedness
## Concerns and Recommendations

- **Possibility of delayed fire department response due to multiple simultaneous taskings**
  - --Consider use of Aeromedical Isolation Team for finial response within USAMRIID

- **Possible confusion in identifying actual BL-3 & BL-4 rooms in emergency situations if the immunization lists and any floor plans do not match**
  - --Ensure security, safety, building engineers, and division use only updated information from a single source

- **Possible accident involving helicopters**
  - --Stress need for aircrews to avoid overflight of USAMRIID

SMAMRIIDP

ARMY02-010619

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# Emergency Preparedness
## Concerns and Recommendations

- Limited recent activity to test emergency response capability
  - "walk throughs" for fire department
  - technical advise during post hostage exercise
  - actual fire alarm situations
  - response to one medical emergency in corridor

-- Reinstitue exercise program to validate/modify plans, and train people in response to all incidents with emphasis on BL-3 and BL-4 response plans

SMAMRIIDP

ARMY02-010620

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# EMERGENCY PREPAREDNESS SUMMARY

- USAMRIID solid emergency preparedness program

- Good plans -- update as needs change

- Develop comprehensive exercise program

- Implement appropriate mitigation actions

Generally, emergency preparedness is not focused toward responding to a large scale or catastrophic events (i.e., destruction of Bldg 1425 with agent release

USAMRIIDP

ARMY02-010621

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# Aspects of Information Security

- ◆ Confidentiality
- ◆ Integrity
- ◆ Availability

ARMY02-010622

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# Risk Management Philosophy

- ◆ Provide 'appropriate' security
  - – Tailored to particular data and use
  - – Minimal impact on users
  - – Range of solutions
- ◆ Determine security requirements based on threat as well as vulnerability

ARMY02-010623

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# Information Risk

## Extension of Trust

- ◆ System Administrators?
- ◆ Employees?
- ◆ Fort Detrick Personnel?
- ◆ All Military Personnel?
- ◆ Everyone?

ARMY02-010624

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# Internet Connections

- No limitations on external access to the USAMRIID network

- Unknown number of Internet access points both within USAMRIID and through Ft. Detrick

**Unauthorized access to the USAMRIID network possible via the Internet**

FOR OFFICIAL USE ONLY

ARMY02-010625

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# Dial-in Connections

◆ Number and type of modem connections is unknown

◆ Absence of user authentication on the modems is likely

**Unauthorized access to the USAMRIID network possible via dial-in connections**

ARMY02-010626

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# Virus Protection

◆ Virus software is available both for PCs and Macintoshes

◆ By default software performs virus check on boot up

◆ Virus software upgrades are not up-to-date

◆ Checking floppy disks and newly downloaded files is not routinely done

**Virus software may not find current viruses or viruses introduced via disk**

ARMY02-010627

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# Passwords

♦ Passwords protecting access to sensitive information on servers, the IBM mainframe, and the VAX are computer generated and cycle every 180 days (per army regulation)

♦ Passwords are routinely exchanged among colleagues

♦ Passwords are routinely written down and stored near common use computers

**Passwords are not easily guessed, but may be obtained by other methods**

ARMY02-010628

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# Data Back-ups

- Back-ups made regularly on servers, sporadically elsewhere

- All back-ups stored on site

- Back-up capability available for personal computers on servers, but disk space limited

**Back-ups may allow recovery from electronic attack or failure, but not from disasters such as fire or water damage**

ARMY02-010629

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

## Special Applications

- ◆ Badge Computer System: since it is not attached to the network and has no implemented dial-in access, the only threat is from physical access

- ◆ Special Databases: generally password protected, but since the network is not secure, access is possible to unauthorized personnel

**The Badge computer system is secure; special databases are not secure.**

ARMY02-010630

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# Information Security Responsibilities

- ◆ No clear definition of responsibility for Internet connection security between Biometrics and Ft. Detrick

- ◆ Divisions obtain external funding for computer equipment, bypassing Biometrics

- ◆ With network outages common, security (understandably) takes a back seat to fixing the network

**No one has responsibility and authority to implement information security**

ARMY02-010631

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S.; No. 03-cv-81110

# Recommendations

- Establish responsibility, authority, and policy for securing Internet and dial-in access

- Encourage virus checking regularly and when new files are loaded

- Establish procedures for securing sensitive information across the network (possibly encryption)

- Provide training on use of passwords, back-ups, and virus checking to users

ARMY02-010632

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S.; No. 03-cv-81110

[redacted]

[redacted]

Detailed Briefings

Structural Survivability
Support Systems
Physical Security
Fire Protection
Emergency Preparedness
Network Assurance

for the

# Integrated Capabilities Assessment

of the

# U.S. Army Medical Research Institute of Infectious Disease (U)

Summary
Executive Briefing
Detailed Briefings

September 1996

THIS DOCUMENT IS FOR [redacted]
Final Classification Determination Pending USAMRIID Review.

[redacted]

[redacted]

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# SUPPORT SYSTEM STRENGTHS

FOR OFFICIAL USE ONLY

- Multiple power sources are provided to all buildings with labs
  - Dual municipal power feeds from independent substations
  - Diesel generator emergency power for critical systems
  - Adequate redundancy for mechanical failures and outages

- Critical mechanical systems provide reasonable support assurance
  - Most systems have adequate redundancy
  - Most locations in buildings provide reasonable survivability

- Functional power switching exercises are conducted monthly
  - Auto transfer switches tripped to test diesel start-up
  - Large start-up loads sequentially brought on-line
  - Critical loads run on diesel power for 2+ hours



SMAMRIIDBB

ARMY02-010634

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110



ARMY02-010635

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110



**POTENTIAL POWER VULNERABILITIES**

ARMY02-010636

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110



ARMY02-010637

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110



ARMY02-010638

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110





ARMY02-010639

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110



ARMY02-010640

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110





ARMY02-010641

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110





ARMY02-010642

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110





ARMY02-010643

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# SUPPORT SYSTEMS CONCLUSIONS

- Critical system redundancies well-designed for typical mechanical failures

- Facility maintenance personnel well-trained and responsive

- Some mechanical and electrical systems need upgrade or replacement

- Emerging terrorist threat of the 90's creates new vulnerabilities

- Critical system nodes require access prevention and separation



SMAMRIIDBB

ARMY02-010644

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# Structural Analysis

- All USAMRIID buildings are of standard frame construction
  - Not hardened for blast effects
  - Most labs do not have exterior windows
  - Most labs are not on exterior walls

- Unhardened doors and ground level windows will not deter a determined intruder

- Vehicles can be parked next to the walls of both buildings

## Buildings do not provide protection from blast effects

SMAMRIID

ARMY02-010645

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S.; No. 03-cv-81110

FOR OFFICIAL USE ONLY

# BACKGROUND, GENERAL

## Protecting Buildings From Bomb Damage

Transfer of Blast-Effects Mitigation Technologies from Military to Civilian Applications

> the United States is vulnerable to a continuing threat of terrorist bombing.

- assess the ap[...]tify gaps in knowled[...]
- recommend [...]

The committee [...] architectural planning.

The committee [...] ing, terrorism and commercial development. Most of the committee members have direct professional involvement with the planning and design of buildings with quantifiable risk (military facilities, embassies, etc.). In addition to the expertise of its members, the committee was assisted in its work by agencies, organizations, and individuals that provided information on current engineering and architectural practices.

This study, jointly sponsored by the Defense Nuclear Agency and the U.S. Army Corps of Engineers, is aimed at determining the applicability of defense-related efforts to civilian architecture and the potential to transfer this technology in a timely and cost-effective manner. The study does not examine the vulnerability of structures to an attack using toxic substances (such as the Sarin gas attack in Tokyo in March 1995).

The committee believes this is an appropriate time to restate what the Oklahoma City and World Trade Center attacks have made so abundantly clear: the United States is vulnerable to a continuing threat of terrorist bombing. The current awareness of this threat by both policy makers and the general public should facilitate acceptance of the desirability and timeliness of transfer and application of some military protective technologies to civilian architecture.

This report presents the findings of the committee's work and its recommendations for future action.

JB/BRIEF1/6-96

ARMY02-010646

# BACKGROUND, FINDINGS

1. Attacks against civilian buildings pose an unquantifiable, but real threat to the people of the United States.

2. Blast-hardening technologies and design principles developed for military purposes are generally relevant for civilian design practice. However, because the knowledge base is incomplete, they must be adapted and expanded to be more specifically applicable, accessible, and readily usable by the civilian architect-engineer community.

3. Blast-hardening technologies developed by the military apply, for the most part, to building structural systems and must be expanded to include critical life-safety building subsystems

4. Nonstructural architectural and engineering approaches can improve the blast resistance and response of civilian buildings.

UNCLASSIFIED
JB/BRIEF1/6-96

ARMY02-010647

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# BACKGROUND, FINDINGS (CON'T)

5. Post-attack rescue and recovery operations can benefit from good emergency management planning, including rapid availability of building systems and structural drawings and use of computer-based modeling and decision support systems to assess the extent of blast damage to the building's structural frame.

6. Buildings designed to be more bomb resistant through the use of increased mass in the lower levels will also benefit from increased resistance to dynamic forces from natural hazards such as hurri canes, tornadoes, and earthquakes.

7. Barriers exist to the effective transfer of relevant military technology to the civilian sector. These barriers include lack of professional education, classification of military technology, lack of established technology transfer mechanisms, and cost and financial issues.

Based on these findings, the committee developed a series of recommendations aimed at adapting and transferring technology already available from the military to civilian sectors. For those areas where knowledge gaps exist, the committee has suggested a program of applied research.

UNCLASSIFIED
JB/BRIEF1/6-96

ARMY02-010648

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S.; No. 03-cv-81110

# BACKGROUND, RECOMMENDATIONS

1. Adapt selected technical manuals, threat assessment methodologies, and relevant computer programs developed for military applications and disseminate them to civilian building-design professionals as one component of an integrated threat deterrent and blast-effects mitigation strategy *(Findings 1 and 2)*.

2. Conduct experimental and analytical studies on the blast resistance of structural subsystems representative of conventional civilian building design and construction practice *(Finding 2)*.

3. Conduct research and testing of common building materials, assemblies, equipment, and associated designs applicable to blast-resistant design of critical nonstructural building subsystems *(Finding 3)*.

4. Establish a government/academic partnership whose purpose is to inform and alert design professionals regarding the range of measures that can and need to be taken to protect buildings from terrorist activities and the collateral benefits of providing such protective measures. This partnership should also take the lead in facilitating the transfer of this technology by interaction with the appropriate government and professional bodies *(Findings 4, 6, and 7)*.

5. Explore the use of computer-based modeling and decision support systems to assess the extent of blast damage to a building's structural frame as part of the post-attack rescue and recovery operations *(Finding 5)*.

6. Analyze all new civilian federal buildings, and existing buildings where appropriate, to determine reasonable ways of incorporating blast-hardening and other blast-effects mitigating features, and to document consequent building construction costs and financial performance *(Finding 7)*.

UNCLASSIFIED

JB/BRIEF1/6-96

ARMY02-010649

Structurally, Building 131 performed well. The building was made of precast bearing panels employing ductile joint connections, and bolted together vertically from the ground to the roof. These strong, ductile connections allowed the structure to bear the brunt of the blast without the progressive building collapse seen in other terrorist bombing.



*North Face of Building 131*

In addition to Building 131, there was also major structural damage to Building 133, and minor structural damage to three other nearby buildings. The east face of Building 133, located some 400 feet from the bomb blast, was hit by the blast wave and then rebounded. The amount of rebound was measured and used in the structural calculations discussed later.



*East Face of Building 133*

Throughout the Khobar Towers complex, there was extensive glass and frame damage. While on-site, the DSWA/USACE survey team noted that the large patio sliding glass doors were nearly all broken within 1000 feet of the crater, with damage decreasing to almost none broken beyond 1700 feet. A detailed survey was undertaken of these doors, the results of which were later used to infer bomb yield based on airblast.



*Patio Door Glass Damage*

2

ARMY02-010650

REMOVED FROM PROTECTIVE ORDER NO. 3

~~SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110~~

# Force Protection



## Global
## Interests

## Global
## Responsibilities

Secretary of Defense
Report to the President
September 16, 1996

ARMY02-010651

REMOVED FROM PROTECTIVE ORDER NO. 3

~~SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110~~

# STRENGTHS

- Bldg 1425
  - Double walls to outside of almost all labs because of exterior corridors
  - Two mechanical floors above labs
  - Few windows on exterior walls of labs

- Bldg 1412
  - No windows on exterior walls of labs
  - One mechanical floor above labs

SMAMRIIDJB

ARMY02-010652

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# WEAKNESSES (ALL BUILDINGS)

- Easy access to unhardened doors

- Easy close proximity access to buildings

- Buildings are built to conform to standard design practice, not designed to resist attack

SMAMRIIDJB

ARMY02-010653

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110-



ARMY02-010654

REMOVED FROM PROTECTIVE ORDER NO. 3

~~SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110~~

# BOTTOM LINE

- Buildings were designed and constructed according to standard design guidance in place at time of construction

- Buildings designed to standard design guidance are not inherently blast-hardened

- USAMRIID buildings do not have blast hardened enhancements and are vulnerable to terrorist attack

JB/BRIEF1/6-96

ARMY02-010655

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# RECOMMENDATIONS

- Limit access and maintain standoff distance to critical assets

- Restrict access to authorized people in vicinity of labs

- Use laminated glass on exterior windows



JB/BRIEF1/6-96

ARMY02-010656

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# ESTIMATED BUILDING STRENGTHS
## (Incipient Collapse Strengths)

| | Range | Median |
|---|---|---|
| Windows | 0.25 to 0.75 psi | 0.25 psi |
| Walls | 1.5 to 3.5 psi | 2.5 psi |
| Frame | 2.5 to 10 psi | 7.0 psi |

SMAMRIIDJB

ARMY02-010657

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110



ARMY02-010658

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# RECOMMENDATIONS

- Determine which buildings are critical & vulnerable and keep a current central database for immediate access

- Develop a complete easily accessible "as built" set of drawings for use in emergencies

- Analyze all of the buildings, in order of criticality and make blast-hardness upgrades as appropriate for easily maintainable stand off ranges. This could include:

  1) Hardening or elimination of windows
  2) Hardening of doors
  3) Hardening of walls & roofs
  4) Hardening of building frames
  5) Hardening of utilities



JB/BRIEF1/6-96

ARMY02-010659

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# INTEGRATED CAPABILITIES ASSESSMENT

## OF THE

## UNITED STATES ARMY MEDICAL RESEARCH INSTITUTE of INFECTIOUS DISEASES

## SECURITY ASSESSMENT

### SEPTEMBER 1996

---

# WHY SECURE USAMRIID??

- ✓ *Unique*
  - ➢ Not many folks do what you do.
- ✓ *National resource*
  - ➢ Only two capabilities in the Nation.
- ✓ *National security concern*
  - ➢ You're the *ONLY* DoD capability.

ARMY02-010660

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

## AREAS ASSESSED

**PHYSICAL SECURITY** - **Blds. 1425**

- **Bldg. 1412**

- **FARM** (CURSORY)

**PERSONNEL SECURITY** - (CURSORY)



## THREAT DETERENCE FACTORS

Vandalism / theft of agents.
- Intrusion deterence/detection
- Laboratory access controls
- Personnel loyalty
- Police response

Catastrophic event - agent release (perceived or real) - critical system destruction.
- Vehicle proximity limits
- Visitor proximity limits
- Forced vehicle access denial

*BOTTOM LINE DETERENCE -*

*Personnel & vehicle **access  control***



ARMY02-010661

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110-

# PHYSICAL SECURITY

 Three areas of recommendations :
- ◆ Vehicle control
- ◆ Intrusion deterance/detection
- ◆ Personnel access and control

🕐 Two recommended implementation periods:
- ◆ Immediate (critical, simple, self-help)
- ◆ Near term (Post assistance, costly)

🔥 No moving vehicle bomb threat recommendations.

---

# GENERAL FINDINGS

✓ Security office and guard force are *knowlegeable, well trained, and professional.*

 *Excellent* badging system and internal intrusion detection systems for buildings and labs.
- ➢ **Minor improvements recommended.**

☧ Vulnerabilities.
- ➢ **Clinic presents *serious* access problem.**
- ➢ **Vehicle access and control next to non-existent.**
- ➢ **Easy access to grounds by unauthorized personnel.**
- ➢ **Some personnel background checks lacking.**

☧ Security enforcement lacks *authority.*
- ➢ **Needs command backing - actions for non-compliance.**
- ➢ **Force augmentation will be required.**

🔥 *Defendable to 1000 feet !!*

ARMY02-010662

REMOVED FROM PROTECTIVE ORDER NO. 3

~~SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110~~

## VEHICLE CONTROL - IMMEDIATE

- ✓ *Relocate Dispensary*!!
- ✓ Restrict access to perimeter road.
  - ➢ Fire lane / official vehicles only.
  - ➢ Swing-arm gate or similar.
- ✓ All deliveries directed to Post receiving (Bldg. 1520).
  - ➢ Animals the *only* exception.
  - ➢ Cargo transfered to Government vehicles.
  - ➢ RPS, FEDEX, etc. included.

## VEHICLE CONTROL - IMMEDIATE
**(CONT'D)**

- ✓ Prohibit parking W., NW., & SE of 1412.
- ✓ Block Sultan Road entrance to 1412.
  - ➢ Fire lane / official vehicles.
- ✓ Open loading dock gates for entry/exit only.
- ✓ Bollards/concrete planters at 1425 entries.



ARMY02-010663

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

## INTRUSION - IMMEDIATE

- ✓ Trim vegetation w/in 30' of Bldgs.
  - ➢ Eliminates ability for concealment.
- ✓ Install "ladder locks" on roof access ladders.
- ✓ Lock & alarm Penthouse ventilation access doors.
- ✓ Alarm laboratory crash doors.
- ✓ Improve/install tamper-resistant features on magnetic locks/alarms.
- ✓ Equip 1425 Penthouse elevator with "down" key access.



## INTRUSION - IMMEDIATE

**(CONT'D)**

- ✓ Alarm 1412 fire escape doors.
- ✓ Eliminate sub-master keys *or* limit to ≤ 3 personnel.
- ✓ Modify BL-3 pass boxes to prevent unauthorized entry/access
  - ➢ Tamper resistant alarm, etc.
- ✓ Repair 1412 Penthouse fire escape door.



*106*

ARMY02-010664

REMOVED FROM PROTECTIVE ORDER NO. 3
SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

## INTRUSION - IMMEDIATE

(CONT'D)

✓ Install additional cameras -
  ➢ Basement & Penthouse of 1412.
  ➢ New 2nd floor addition of 1425.

✓ Construct interior vestibule at rear entrance.
  ➢ Reduces control center vulnerability.
  ➢ Improves access control.

✓ Upgrade security control center.
  ➢ Install bullet-resistant glass.
  ➢ Reinforce outer wall & door.
  ➢ Move master door lock computer here.

✓ Install glass-breakage and/or motion sensors in perimeter, ground-level rooms.



## PEOPLE - IMMEDIATE

✓ Relocate dispensary!!

✓ Reduce Clinic accesses (lock out Ward 200 door)

✓ Reinforce existing security practices.
  ➢ Photo ID checks of visitors.
  ➢ Display badges inside - remove outside of USAMRIID.

✓ Augment anti-piggy back policy.
  ➢ Swipe badge even if open.

✓ Review implementation of anti-pass back system.
  ➢ Containment labs.
  ➢ Animal suites.

✓ Encourage employees to support security efforts.
  ➢ It is for their safety and protection too - make them aware of its impact.



ARMY02-010665

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110

# PEOPLE -- IMMEDIATE

(CONT'D)

✓ Challenge unbadged personnel and strangers.
✓ Implement searches.
  ➤ Random for employees and frequent (recurring) visitors.
  ➤ Always for others.
    ✧ Search Protocol volunteer luggage!
✓ Remove storage cages from Penthouse.
  ➤ Requires unessessary access to critical equipment.
✓ Develop duress procedures for critical personnel.
  ➤ Vault access
  ➤ Sr. scientists/Division heads
  ➤ Security police
  ➤ Others.



# PEOPLE - IMMEDIATE

(CONT'D)

✓ Require NACIs on (*or escort*) all
  ➤ Visiting scientists & professors, foreign and domestic.
  ➤ Students - summer hire/volunteer graduate work
  ➤ Contractors working inside buildings (e.g., animal handlers, DIS, DECON etc.)
  ➤ No badges issued until NACI received and OK.
✓ Escort all vendors *or* move machines to entries.
✓ Continue daily issue of badges to non-permanent personnel.
✓ Visitors should be expected by someone on staff.
  ➤ Early notification of security police.
  ➤ Walk-ins should have visual ID by person expecting them.



ARMY02-010666

REMOVED FROM PROTECTIVE ORDER NO. 3

SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110-

## NEAR TERM

◆ Vehicle Control:
- ✓ Restrict vehicle access within 300 feet of buildings.
  - ➢ Roadway Modifications.
  - ➢ Relocate parking areas.
  - ➢ Establish vehicle checkpoint for entry within 300 feet.

◆ Intrusion / Access Control:
- ✓ Fence in USAMRIID area.
  - ➢ 6 foot cyclone with single apron / 110 foot stand-off.
  - ➢ Gates for visitors, employees, vehicles(limit)
    - ✧ Turnstyles for personnel (badge operated).
  - ➢ Use lighting and cameras to monitor.
- ✓ Close in 1412 Fire escape ladder.25



## SUMMARY

⊕ *Reinforce awareness by all* personnel.

⊕ Kidnapping/duress a special concern.

⊕ *Limit* and *control* access to facilities.
- ⊕ Especially **critical** areas.

⊕ *Incorporate* security awareness into new capital improvements.



ARMY02-010667

REMOVED FROM PROTECTIVE ORDER NO. 3

~~SUBJECT TO PROTECTIVE ORDER #3, Stevens v. U.S., No. 03-cv-81110~~